1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   RONALD J. HOLLAND, Cal. Bar No. 148687
2  rholland@sheppardmullin.com
   ELLEN BRONCHETTI, Cal. Bar No. 226975
3  ebronchetti@sheppardmullin.com
   MATTHEW C. LEWIS, Cal. Bar No. 274758
4  malewis@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone: 415.434.9100
6  Facsimile: 415.434.3947

7
   Attorneys for Defendant
8  IRWIN INDUSTRIES, INC.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| CARL CURTIS, an individual;<br>ARTHUR WILLIAMS, an individual,<br><br>               Plaintiffs,<br><br>        v.<br><br>IRWIN INDUSTRIES, INC., a<br>California corporation; and DOES 1<br>through 100, inclusive,<br><br>               Defendants. | Case No.<br><br>[Santa Barbara Superior Court Case No.<br>1487049]<br><br>**NOTICE OF REMOVAL OF<br>ACTION PURSUANT TO 28 U.S.C.<br>§§ 1331, 1441 & 1446 [Federal<br>Question]**<br><br><br>[State Court Complaint Filed: February<br>17, 2015] |
| --- | --- |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT

2   FOR THE CENTRAL DISTRICT OF CALIFORNIA:

3   Please take notice that Defendant IRWIN INDUSTRIES, INC. ("Irwin"

4   or "Defendant"), hereby removes the matter of *Carl Curtis, Arthur Williams v. Irwin*

5   *Industries, Inc., et al.*, pending in the Superior Court of the State of California in and

6   for the County of Santa Barbara, Case No. 1487049, to the United States District

7   Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441(b),

8   and 1446.

9   Removal is proper on two separate and independent grounds: (1)

10  federal question jurisdiction under Section 301 of the Labor Management Relations

11  Act of 1947 ("LMRA," 29 U.S.C. § 152(2)), 28 U.S.C. §§ 1331, 1441(b) and 1446;

12  and (2) federal question jurisdiction under the Outer Continental Shelf Lands Act

13  ("OCSLA," 43 U.S.C. § 1331 et seq.), as discussed in detail below:

## I.

## CLAIMS AND PROCEDURAL HISTORY

16  1.   On February 17, 2015, Plaintiffs Carl Curtis and Arthur Williams

17  (collectively, "Plaintiffs"), individually and on behalf of all persons similarly

18  situated, filed a Complaint in the Superior Court of California, County of Santa

19  Barbara, Case No. 1487049 ("the Complaint").

20  2.   In the Complaint, Plaintiffs assert the following causes of action:

21  (1) minimum wage violations; (2) pay stub violations; (3) unfair competition; (4)

22  failure to timely pay final wages; (5) failure to provide lawful meal periods; and (6)

23  failure to pay overtime and double-time premium wages.

24  3.   The Complaint did not expressly enumerate any claim under

25  federal law and omits that the terms and conditions of Plaintiffs' employment were

26  subject to a Collective Bargaining Agreement ("CBA").  True and correct copies of

27

28

SMRH:436797536.7                                          NOTICE OF REMOVAL OF ACTION

1  the Summons and Complaint in this case are filed concurrently herewith as Exhibit

2  A.[1]

3      4.    Defendant filed its Answer to Plaintiff's Complaint in Superior

4  Court on April 2, 2015, a copy of which is attached hereto as Exhibit B.

5      5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c) and

6  1391.

7                              **II.**

8              **TIMELINESS OF REMOVAL**

9      6.    Irwin was served with the Complaint on March 4, 2015. This

10 Notice of Removal is timely filed in that it has been filed within thirty (30) days

11 after the receipt of the Summons and Complaint by Defendant, as required by 29

12 U.S.C. § 1446(b).

13                             **III.**

14          **FEDERAL QUESTION JURISDICTION**

15     **BASED ON LMRA SECTION 301 PREEMPTION**

16     7.    This Court has original jurisdiction under 28 U.S.C. § 1331, and

17 this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), in that

18 it is a civil action that presents a federal question.

19     8.    Federal question jurisdiction arises out of the fact that Plaintiffs'

20 claims require interpretation of a CBA and thus are completely preempted by federal

21 law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides that:

22 "[s]uits for violation of contracts between an employer and a labor organization

23 representing employees in an industry affecting commerce . . . may be brought in a

24 district court for the United States having jurisdiction of the parties without

25 regarding to the amount in controversy or without regarding to the citizenship of the

26 parties." *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

27 _____

28

[1]  Defendant asks the Court to take judicial notice of the exhibits attached to this Notice of Removal, all of which are pleadings filed in state court in this matter.

SMRH:436797536.7                                          NOTICE OF REMOVAL OF ACTION

1   To ensure uniform interpretations of CBAs, federal common law preempts the use
2   of state contract law in collective bargaining agreement interpretation and
3   enforcement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411
4   (1988).

5           9.      Further, all state law claims raised by a union-represented
6   employee that require interpretation of a collective bargaining agreement must be
7   brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211
8   (1985). "The preemptive force of section 301 is so powerful that it displaces
9   entirely any state cause of action for violation of a collective bargaining agreement
10  . . . any state claim whose outcome depends on analysis of the terms of the
11  agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988);
12  *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001)(noting
13  that Section 301 is one of "only two areas in which the Supreme Court has found
14  that Congress intended completely to replace state law with federal law for purposes
15  of federal jurisdiction").

16          10.     Section 301 specifically has been held to preempt California
17  state law claims that are substantially dependent upon interpretation of a collective
18  bargaining agreement. *Firestone*, 219 F.3d at 1066–67. This is so even where
19  interpretation was required to evaluate the employer's defense to a plaintiff's state
20  law causes of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769
21  (2003)(claim for unpaid wages preempted because it "rest[ed] entirely" on a claim
22  that plaintiff was "entitled . . . to wages at the level set by the CBA").

23      **A.    Plaintiffs' Employment Was Governed by a CBA.**

24          11.     Plaintiff Curtis was an employee of Irwin and worked
25  sporadically for the Company during the following time periods: August 2007 to
26  January 2008; February to April 2009; and January to March 2014. (Declaration of
27  Marita Swanson ("Swanson Dec."), ¶ 3.) Plaintiff Williams was an employee of
28  Irwin during the period September 2006 to March 2014. (*Id.*, ¶ 4.) The terms and

1  conditions of Plaintiffs' employment are subject to CBAs between Irwin and United

2  Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and

3  Service Workers International Union, Local 1945 (the "Union" or "USW").  (*Id.*, ¶

4  5.)  A true and correct copy of the two active CBAs in effect for proposed class

5  members—one for the Operations Group, and one for Maintenance and

6  Construction—are attached as Exhibits 1 and 2 to the concurrently-filed Swanson

7  Declaration.

8          12.    The Union is a labor organization within the meaning of Section

9  2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

10         13.    Irwin is an employer within the meaning of the LMRA, 29

11  U.S.C. § 152(2).

12         14.    Article I of both CBAs specifically states that the Union is the

13  sole bargaining agent for covered employees for the purposes of collective

14  bargaining to establish rates of pay, hours of work and other conditions of

15  employment.  (Swanson Dec., Ex. 1, p. 1 & Ex. 2, p. 2.)

16  **B.    Plaintiffs' Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.**

17
18  **1.    Plaintiffs' Failure to Reference Section 301 of the LMRA in Their Complaint Does Not Preclude Removal.**

19         15.    The Complaint omits the fact that Plaintiffs were members of the

20  Union and employed by Irwin through a CBA.  However, a plaintiff may not be

21  permitted to "artfully plead" his complaint to conceal the true nature of the

22  complaint.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.

23  1987)(holding that plaintiff's state law claim was preempted even though operative

24  complaint made no mention of a collective bargaining agreement); *Schroeder v.*

25  *Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on

26  other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir.

27  2009).  Thus, the fact that Plaintiffs have not made specific reference to Section 301

28  in their Complaint does not preclude removal.  *See Milne Employees Ass'n v. Sun*

1  *Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look

2  beyond the face of the Complaint to determine whether the claims asserted are in

3  fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs.,*

4  *Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly

5  look to the facts stated in the Notice of Removal "to clarify the action a plaintiff

6  presents and to determine if it encompasses an action within federal jurisdiction."

7  *Schroeder*, 702 F.2d at 191.

8         16.    An artfully pled state law claim is properly "recharacterized" as a

9  federal claim under the "complete preemption" doctrine, which provides that the

10  preemptive force of Section 301 "converts an ordinary state law complaint into one

11  stating a federal claim for purposes of the well-pleaded complaint rule" and is

12  removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987);

13  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23

14  (1983)("[I]f a federal cause of action completely preempts a state cause of action,

15  any complaint that comes within the scope of the federal cause of action necessarily

16  'arises' under federal law.").

17         17.    The claims asserted in Plaintiffs' Complaint are "founded

18  directly on rights created by collective bargaining agreements" and/or are

19  substantially dependent on an analysis and interpretation of a collective bargaining

20  agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also*

21  *Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiffs' claims, therefore, the Court

22  will necessarily need to interpret the provisions of the relevant CBAs.

23        **2.    Resolution of Plaintiffs' Claims Will Require Substantial**

24               **Interpretation of Various Provisions of the Relevant CBAs.**

25         18.    The Court cannot simply look to state law to resolve Plaintiffs'

26  artfully pled claims for breach of a CBA. Thus, Plaintiffs' claims cannot be

27  adjudicated without interpretation of numerous CBA provisions that govern their

28  employment. Plaintiffs assert the following claims: (1) minimum wage violations;

(2) pay stub violations; (3) unfair competition; (4) failure to timely pay final wages;

-5-

1  (5) failure to provide lawful meal periods; and (6) failure to pay overtime and
2  double-time premium wages.

3         19.    The applicable CBAs contain specific language governing time
4  worked, wages, overtime (including specific language regarding pay for time
5  worked in excess of 12 hours), and meal and rest periods.  The CBAs also provide
6  for a grievance process and require binding arbitration to resolve any disputes
7  arising under the CBAs, including any allegation of a violation of Wage Order 16.
8  Resolution of Plaintiffs' claims will require the Court to interpret, at a minimum, all
9  of these provisions:[2]

10         20.    **Wages, Hours and Overtime.**  The CBAs sets forth the parties'
11  mutual agreement regarding all issues pertaining to employee wages, including but
12  not limited to pay for overtime, show-up time, excess hours, call-outs and special
13  shifts.  (Swanson Dec., Ex. 2, p. 8–14.)  The focus of Plaintiffs' claims is that they
14  are paid for 12 hours per day while on a platform, but are entitled to be compensated
15  for all hours spent on a platform (an additional 12 hours) because they are under
16  employer control during those times.  The CBAs expressly provide for overtime pay
17  for "Excess Hours," including pay for all hours worked "in excess of twelve (12)
18  hours in a day."  (Swanson Dec., Ex. 2, p. 12, § 15.5.)

19         21.    **Meal and Rest Periods.**  The CBAs provide for meal and rest
20  periods, and expressly lay out the conditions under which employees are entitled to
21  such breaks.  (Swanson Dec., Ex. 2, p. 13, §§ 15.12–15.)

22         22.    **Incorporation of Wage Order No. 16.**  To the extent state law
23  applies, the CBAs expressly incorporate California Industrial Wage Order No. 16.
24  Wage Order 16 allows the parties to exempt themselves from the Wage Order's
25  overtime, alternate workweek and meal and rest period requirements so long as

26
27  [2] For ease of reference, the provisions cited herein are set forth in the Maintenance &
Construction CBA in effect August 1, 2013 through July 31, 2016, attached to the
Swanson Dec. as Ex. 2.  The Operations group CBA contains identical language, though
28  the Article or Section numbers may vary slightly.

1   certain conditions are met.  California Labor Code Section 514 and Wage Order No.

2   16 provide that overtime, alternate workweek, and meal and rest period

3   requirements <u>do not apply</u> to employees covered by a valid CBA, so long as the

4   CBA provides wages, hours of work, working conditions, and premium wage rates

5   for all overtime hours worked; and wages for all regular hours worked are not less

6   than 30% more than the state's minimum wage.  Here, the CBAs meet those criteria:

7   they provide for wages, hours, and working conditions; and specifically call for and

8   define premium pay for all overtime hours worked; in addition to expressly

9   requiring that employees be paid at an hourly rate of more than 30% above the state

10   minimum wage.  As a result, the CBAs here <u>must be interpreted</u> to resolve

11   Plaintiffs' claims.

12            23.   **Grievance and Arbitration Procedure.**  Additionally, applying

13   the CBAs in conjunction with Labor Code Section 514 and Wage Order No. 16, the

14   grievance and arbitration procedure set forth in the CBA covers "any controversy,

15   dispute or disagreement aris[ing] during the term of this Agreement."  (Swanson

16   Dec., Ex. 2, p. 10, § 14.1.)  Further, <u>Plaintiff's claims for wages must be arbitrated</u>

17   <u>as the CBA requires arbitration of claims as the exclusive remedy for any violations</u>

18   <u>of Wage Order 16 including but not limited to overtime and meal period claims</u>.

19   (*Id.*, p. 13, § 15.11.)  The promotion of extra-judicial dispute resolution is another

20   purpose of Section 301 preemption.  State court lawsuits properly removed on

21   preemption grounds may then be deferred to arbitration, if the parties to the CBA

22   have so agreed.  *See Livadas v. Bradshaw*, 512 U.S. 107, 142, fn. 18 (1994).  Here,

23   the parties <u>have</u> so agreed, and the claims are therefore subject to arbitration as

24   discussed above.  Accordingly, an alleged violation of the CBA, or of Wage Order

25   16, is subject to the grievance and arbitration procedures set forth therein.  As all of

26   Plaintiffs' claims are in essence alleged violations of the relevant CBAs (and/or of

27   Wage Order 16), the Court will necessarily have to interpret the grievance and

28   arbitration provisions to analyze Plaintiffs' claims in this case.  That is, the Court

1    will be required to determine whether Plaintiffs were first required to exhaust the

2    grievance procedures, whether they did in fact exhaust those procedures, and

3    whether they agreed to arbitrate all or some of their claims—which are all questions

4    reserved for federal courts under the LMRA.

5              24.     Accordingly, Plaintiffs' claims are substantially dependent upon

6    the interpretation of the foregoing CBA terms and provisions.  In fact, those terms

7    and provisions govern nearly all of the conduct which forms the basis for Plaintiffs'

8    Complaint, and thus are essential to the resolution of Plaintiffs' claims.

9    Accordingly, each of Plaintiffs' claims arises under Section 301 of the LMRA, and

10   is therefore preempted by federal law.  Removal to federal court is warranted.

11                                       **IV.**

12                      **SUPPLEMENTAL JURISDICTION**

13             25.     The Court has supplemental jurisdiction over any of Plaintiffs'

14   remaining state law claims to the extent they are not completely preempted by

15   Section 301 or are not so inextricably intertwined with or dependent on an

16   interpretation of the CBAs, because they relate to and emanate from the same

17   employment relationship between Plaintiffs and Defendant that is the subject of the

18   federal question claims.  All the pleaded claims thus emanate from and form part of

19   the same "case or controversy," such that they should all be tried in one action.  *See*

20   *Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).

21   Considerations of convenience, judicial economy, and fairness to the litigants

22   strongly favor this Court exercising jurisdiction over all claims in the Complaint.

23   *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).

24   Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of

25   Plaintiffs' claims to this Court.

26

27

28

SMRH:436797536.7                                          NOTICE OF REMOVAL OF ACTION

1

## V.

## FEDERAL QUESTION JURISDICTION

## BASED ON THE OUTER CONTINENTAL SHELF LANDS ACT

4   26. Plaintiffs define the proposed class in this matter as "all hourly
employees of Irwin Industries, Inc., who, at any time within four years from the date
of filing of this lawsuit, worked on oil platforms off of the California coast for
periods of 24 hours or more."  Complaint, ¶ 7.  Plaintiffs' claims involve a total of
approximately fourteen (14) oil platforms on which class members have worked
during the class period.  All fourteen (14) platforms are fixed platforms, connected
to the seabed of the Outer Continental Shelf, in that they are located more than three
(3) miles from the California coast.  (Declaration of James Connell, ¶ 3.)
Accordingly, Plaintiffs seek recovery for work conducted exclusively on oil
platforms located in waters subject to federal jurisdiction under the Outer
Continental Shelf Lands Act ("OCSLA").

15   27. Plaintiffs' claims are removable under the OCSLA, which
provides that federal district courts have jurisdiction over all cases "arising out of, or
in connection with . . . any operation conducted on the outer Continental Shelf
which involves exploration, development, or production of the minerals, of the
subsoil and seabed of the outer Continental Shelf, or which involves rights to such
minerals . . . ."  43 U.S.C. § 1349(b)(1)(A).

21   28. The "OCSLA explicitly provides that district courts have federal
question jurisdiction over claims occurring on the Outer Continental Shelf."  *Barker
v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013)(internal citations
omitted).  Removal is appropriate under the OCSLA in any case that would not have
arisen "but-for" the existence of the "drilling and exploration operation." *In re
Deepwater Horizon*, 745 F.3d 157, 163–64 (5th Cir. 2014); *see also Valdez v.
Alliance Liftboats, LLC.*, Case No. 2:14–CV–444, 2015 WL 1168284 (S.D. Tex.

SMRH:436797536.7

NOTICE OF REMOVAL OF ACTION

1    March 13, 2015)("OCSLA provides original jurisdiction for removal even if the

2    plaintiff does not plead it.").

3        29.    As Plaintiffs' proposed class is made up exclusively of

4    individuals who work or worked on oil platforms, all of which are located on and

5    connected to the Outer Continental Shelf, Plaintiffs' claims clearly arise out of

6    and/or are in connection with operations involving "development, or production of

7    the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. §

8    1349(b)(1)(A). Thus, the OCSLA applies, the case presents a federal question, and

9    removal to this Court is proper.

10                                    **VI.**

11                                 **JOINDER**

12        30.    Defendant is not aware of any other defendant that exists and

13    who has been named in the Complaint or who has been served with a summons and

14    the Complaint. *See* Exhibit A.

15                                    **VII.**

16                          **NOTICE TO PLAINTIFF**

17        31.    Contemporaneously with the filing of this Notice of Removal in

18    the United States District Court for the Central District of California, written notice

19    of such filing will be served on Plaintiff's counsel of record, at Michael A. Strauss

20    and Andrew C. Ellison, Palay Law Firm, 121 North Fir Street, Suite F, Ventura,

21    California, 93001. In addition, a copy of this Notice of Removal will be filed with

22    the Clerk of the Court for the Superior Court of the County of Santa Barbara,

23    California.

24        32.    In compliance with 28 U.S.C. § 1446(a), true and correct copies

25    of all "process, pleadings, and orders" from the state court action served on

26    Defendant or filed by Defendant are attached hereto as Exhibits A and B.

27

28

SMRH:436797536.7                                    NOTICE OF REMOVAL OF ACTION

1    WHEREFORE, having provided notice as is required by law, the

2  above-entitled action should be removed from the Superior Court for the County of

3  Santa Barbara to this Court.

4

5  Dated:  April 3, 2015

6                                          SHEPPARD, MULLIN, RICHTER & HAMPTON,
                                           LLP
7

8

9                            By    _____
10                                           RONALD J. HOLLAND
                                           ELLEN M. BRONCHETTI
11                                           MATTHEW C. LEWIS
                                           Attorneys For Defendant
12                                           IRWIN INDUSTRIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-