SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RONALD J. HOLLAND, Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
MATTHEW C. LEWIS, Cal. Bar No. 274758
malewis@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

Attorneys for Defendant
IRWIN INDUSTRIES, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual, ARTHUR WILLIAMS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN INDUSTRIES, INC. a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:15-cv-02480<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6),**<br><br>*[Filed concurrently with Defendant's Notice of Motion; Memorandum of Points and Authorities; Declaration of Marita Swanson; and [Proposed] Order]*<br><br>**Date:   July 27, 2015<br>Courtroom 11<br>Time:  1:30 pm<br>Judge: Otis D. Wright, II** |

-1-

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS

1    Pursuant to Federal Rule of Evidence 201, Defendant Irwin Industries, Inc.,
2  ("Irwin" or "Defendant") requests that this Court take judicial notice of the
3  following facts submitted in support of its Motion to Dismiss.  Judicial notice of the
4  following facts is appropriate under Rule of Evidence 201(b)(2) as the facts can be
5  "accurately and readily determined" from the exhibits attached hereto and the
6  accuracy of those exhibits "cannot reasonably be questioned."

7    1.    Plaintiffs' First Amended Complaint filed in the Superior Court of
8  California for the County of Santa Barbara on April 1, 2015.  A true and correct
9  copy of the First Amended Complaint is attached hereto as Exhibit 1.

10    2.    The Declaration of James Connell filed in support of Defendant's
11  Notice of Removal on April 3, 2015 ("Connell Dec.").  A true and correct copy of
12  the Connell Dec. is attached hereto as Exhibit 2.

13    3.    The collective bargaining agreements ("CBAs") governing the
14  employment of Plaintiffs and all other members of the putative class expressly
15  incorporate the terms of California Industrial Wage Order No. 16 ("Wage Order
16  16").  Declaration of Marita Swanson ("Swanson Dec."), ¶5, Exh. 1, p. 11, §14.11;
17  Ex. 2, p. 13, § 15.11, filed concurrently herewith.  Wage Order 16 provides that its
18  overtime, alternate workweek and meal period requirements do not apply to
19  employees who are covered by a CBA that "provides for the wages, hours of work,
20  and working conditions of the employees, . . . premium wage rates for all overtime
21  hours worked and a regular hourly rate of pay . . . of not less than 30 percent more
22  than the state minimum wage."  Attached as Exhibit 3 is a true and correct copy of
23  Wage Order 16.  California Industrial Wage Orders are proper subjects of judicial
24  notice. *See, e.g., Stitt v. San Francisco Mun. Transp. Agency,* No. 12–CV–03704
25  YGR, 2013 WL 121259, *3 (N.D.Cal. Jan. 8, 2013) ("Here, judicial notice of Wage
26  Order 9 . . . is appropriate as [this document is a matter] of public record");
27  *Mendoza v. Home Depot, U.S.A. Inc.,* No. CV 09–05843 SJO (JCx), 2010 WL
28  424679, *3 (C.D.Cal. Jan. 21, 2010) ("Defendant requests that the Court take

-2-

1  judicial notice of . . . [IWC] Wage Order 4–2001 . . . .  Industrial Wage Orders are [
2  ] properly subject to judicial notice pursuant to *City of Sausalito v. O'Neill,* 386 F.3d
3  1186, 1224 n. 2 (9th Cir.2004). . . .  Accordingly, the Court takes judicial notice of
4  the [ ] above-mentioned document[ ]"); *Veliz v. Cintas Corp.,* No. C 03–1180 RS,
5  2009 WL 1107702, *3 n. 3 (N.D.Cal. Apr. 23, 2009) (taking judicial notice, *inter*
6  *alia,* of an IWC wage order); see also *Sausalito v. O'Neill,* 386 F.3d 1186, 1224 n. 2
7  (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not
8  subject to reasonable dispute," *citing Mack v. S. Bay Beer Distributors, Inc.,* 798
9  F.2d 1279, 1282 (9th Cir. 1986) (court may take judicial notice of records and
10 reports of state administrative bodies), *overruled on other grounds by Astoria Fed.*
11 *Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96
12 (1991))

13          4.          Plaintiffs alleged in their First Amended Complaint ("FAC") that they
14 "worked on oil platforms off of the California coast for periods of 24 hours or
15 more."  FAC, ¶ 8, *see also* FAC, ¶ 13.  Plaintiffs further allege that unlawful
16 employment practices took place "in the offshore waters in the Santa Barbara
17 Channel."  *Id.,*  ¶ 7.  Although Plaintiffs do not specify the names or precise
18 locations of the oil platforms they refer to in the FAC, the Court may take judicial
19 notice of the fact that all of the oil platforms that are potentially at issue in this case
20 are more than three miles off the coast of California.  Judicial notice is appropriate
21 pursuant to Exhibit 4, attached hereto, which is a true and correct copy of a map
22 dated   August   2014   issued   by   the   Bureau   of   Safety   and   Environmental
23 Enforcement/Bureau of Ocean Energy Management (an entity under the United
24 States Department of the Interior).[1]  This map sets forth the location of all of the oil
25
       _____
26 [1] The first page of Exhibit 4 is a true and correct copy of the full map.  Due to the
27 size of the map, the following pages of Exhibit 4 are true and correct copies of
   portions of the map that have been enlarged in order to be more easily viewed by the
28 Court and the parties.  Additionally, the electronically filed version of the entire map

-3-

1  platforms in the Santa Barbara Channel.  It demonstrates that all but two of the oil
2  platforms within the Santa Barbara Channel are located more than three miles off
3  the coast of California.[2]  *United States v. $127,000 in United States* Currency, No. C
4  11-06605 LB, 2012 U.S. Dist. LEXIS at *19–20 (N.D. Cal. July 17, 2012) (taking
5  judicial notice of "maps of the California Department of Conversation to show the
6  extent of oil and gas production activities in San Luis Obispo and Santa Barbara
7  Counties"); *Intertribal Sinkyone Wilderness Council v. Nat'l Marine Fisheries Serv.*,
8  970 F. Supp. 2d 988, 1021 (N.D. Cal. 2013) (taking judicial notice of the physical
9  location of a marine sanctuary).  Information on government agency websites, such
10  as that of BSEE, "has often been treated as properly subject to judicial notice."
11  *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 U.S. Dist.
12  LEXIS 127605 at * 6–7 (S.D. Cal. Dec. 23, 2009).

13      5.     The map attached as Exhibit 4 also contains the installation dates of
14  each platform off the California coast, including those in the Santa Barbara Channel,
15  and the Court may also take judicial notice of the fact that no platform was installed
16  more recently than 1989.  Accordingly, all of the platforms are permanently or
17  temporarily attached to the seabed.  *See Rodrigue v. Aetna Cas. & Sur. Co.*, 395
18  U.S. 352, 364 (1969) (concluding two "stationary structures" were permanently or
19  temporarily attached to the seabed for purposes of OCSLA); *Bartholomew v. CNG
20  Producing Co.*, 832 F.2d 326, 328 (5th Cir. 1987) (concluding an "offshore fixed
21  platform" was permanently or temporarily attached to seabed for purposes of
22  OCSLA).  Further, attached as Exhibit 5 are true and correct copies of informational
23  printouts from the Bureau of Safety and Environmental Enforcement website section

25  may also be enlarged electronically and thereby viewed more easily.  Further, the
    map is also available online at: http://www.boem.gov/pacific-ocs-map/.

26  [2] Plaintiffs do not allege that they ever worked on either of these two oil platforms
27  located in State waters.  Further, no Irwin employees have worked periods of 24
    hours or more at either of these locations.  *See* Swanson Dec., ¶ 8; *see also* Connell
28  Dec., ¶ 3.

1  entitled "Offshore Stats and Facts."  These printouts include information regarding
2  all of the oil platforms at issue, including their installation dates and distances from
3  shore.[3]   The printouts also contain photographs of the oil platforms and further
4  demonstrate that the platforms are permanently or temporarily attached to the
5  seabed.

6       Accordingly, pursuant to Federal Rule of Evidence 201(b)(2), Irwin
7  respectfully requests the Court take judicial notice of the following: (1) the location
8  of the oil platforms at issue in this case, and the fact that all of these platforms are
9  located more than three miles from the coast of California; and (2) the installation
10  dates and photographs of the oil platforms demonstrating that all of the oil platforms
11  at issue in this matter are permanently or temporarily attached to the seabed.

13  Dated:  May 29, 2014

14             SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

16       By

17               RONALD J. HOLLAND
               ELLEN M. BRONCHETTI
18               MATTHEW C. LEWIS

19               Attorneys For Defendant
               IRWIN INDUSTRIES, INC.

[3] Because the oil platform information is listed by operators, the printouts included in Exhibit 4 include many oil platforms that are not at issue in this lawsuit, either because the platforms are not located in the Santa Barbara Channel, or because no Irwin employees (including Plaintiffs) worked on the platforms for periods of 24 hours or more, or at all.

-5-