SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RONALD J. HOLLAND, Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
MATTHEW C. LEWIS, Cal. Bar No. 274758
malewis@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendant
IRWIN INDUSTRIES, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual; ARTHUR WILLIAMS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN INDUSTRIES, INC. a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:15-cv-02480<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IRWIN INDUSTRIES, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: July 27, 2015<br>Courtroom 11<br>Time: 1:30 pm<br>Judge: Otis D. Wright, II<br><br>[Complaint Filed: February 17, 2015]<br>[FAC File: May 4, 2015] |

SMRH:440247047.13                                    DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A.   State Law, Including *Mendiola*, Does Not Apply To Work Performed On The OCS Because It Is Inconsistent With Federal Law. ................................................................................................... 2

        1.   The FLSA Savings Clause and Preemption Principles Are Irrelevant: OCSLA Does Not Incorporate State Law Here .......... 2

        2.   Federal Cases Interpreting The FLSA And DOL Regulations Are Federal Laws Applicable To Actions Arising On The OCS ............................................................................ 4

        3.   Plaintiffs' Fail To Show Their Claims Are Necessary To Fill A Significant Gap In The Scheme Created By The FLSA ....................................................................................... 5

            a.   Plaintiffs' Overtime And Minimum Wage Claims Are Not Necessary To Fill A Significant Gap In The FLSA ................................................................................ 5

            b.   None of Plaintiffs' Other State Law Causes Of Action Are Necessary To Fill A Significant Gap In The FLSA ................................................................................ 6

    B.   Contrary To Plaintiffs' Assertions, The CBAs Governing Plaintiffs' Employment Require Arbitration of Their Claims. ............... 7

        1.   The CBAs Negotiated By Plaintiffs' Union Undisputedly Apply To Employees Working On Offshore Oil Platforms ......... 7

        2.   Plaintiffs Fail To Demonstrate Their Claims Are Not Subject To Arbitration .......................................................... 8

            a.   Plaintiffs Cannot Show Their Claims Do Not Require Interpretation of the CBAs ................................................. 8

            b.   Plaintiffs' Authorities Fail To Refute That The CBAs' Agreements To Arbitrate Are Clear And Unmistakable ................................................................... 9

        3.   Plaintiffs' Minimum Wage Claim Can Not Stand On Its Own ................................................................................... 10

        4.   Plaintiffs Fail To Distinguish Authority Demonstrating That Their Claims Are Precluded By Labor Code Section 514 ......... 11

        5.   The Weight Of Authority Demonstrates Plaintiffs' PAGA Claim Is Subject To Arbitration ............................................... 12

III. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*14 Penn Plaza v. Pyett*
    556 U.S. 247 (2009) ............................................................................................. 12

*Audette v. Int'l Longshoremen's and Warehousemen's Union*
    195 F.3d 1107 (9th Cir. 1999) ................................................................................ 9

*Brigham v. Eugene Water & Elec. Bd.*
    357 F.3d 931 (9th Cir. 2004) ............................................................................. 5, 6

*Chevron Oil Co. v. Huson*
    404 U.S. 97 (1971) .................................................................................................. 4

*Chevron, U.S.A., Inc. v. NRDC, Inc.*
    467 U.S. 837 (1984) ................................................................................................ 4

*Continental Oil Co. v. London S.S. Owners' Mut. Ins. Assoc.*
    417 F.2d 1030 (5th Cir. 1969) ................................................................................ 2

*Couvillion v. Nicklos Oil & Gas Co.*
    671 F.Supp. 446 (E.D.La. 1987) ......................................................................... 2, 3

*Fardig v. Hobby Lobby Stores, Inc.*
    2014 WL 4782618 (C.D.Cal. Aug. 11, 2014) ..................................................... 12

*Genesis Healthcare Corp. v. Symczyk*
    133 S.Ct. 1523 (2013) ............................................................................................. 5

*George v. UXB Int'l, Inc.*
    1996 WL 241624 (N.D. Cal. 1996) ........................................................................ 3

*Hayden v. Reickerd*
    957 F.2d 1506 (9th Cir. 1991) ................................................................................ 8

*Hines v. Anchor Motor Freight, Inc.*
    424 U.S. 554 (1976) .............................................................................................. 11

*Langston v. 20/20 Cos., Inc.*
    2014 WL 5335734 (C.D.Cal. Oct. 17, 2014) ...................................................... 12

*Le Sassier v. Chevron USA, Inc.*
   776 F.2d 506 (5th Cir. 1985) ..................................................................................3

*Livadas v. Bradshaw*
   512 U.S. 107 (1994)..............................................................................................8

*Long Island Care at Home, Ltd. v. Coke*
   551 U.S. 158 (2007)..............................................................................................5

*Martinez v. J. Fletcher Creamer & Son, Inc.*
   2010 WL 3359372 (C.D.Cal. Aug. 13, 2010).......................................................9

*Mersnick v. USProtect Corp.*
   2006 WL 3734396 (N.D. Cal. 2006) ................................................................ 3, 6

*Nations v. Morris*
   483 F.2d 577 (5th Cir. 1973) .................................................................................2

*Rodrigue v. Aetna Casualty & Surety Co.*
   395 U.S. 352 (1969)..............................................................................................3

*Skidmore v. Swift & Co.*
   323 U.S. 134 (1944)..............................................................................................4

*Starr v. Baca*
   652 F.3d 1202 (9th Cir. 2011) ...............................................................................7

*Sun Ship v. Pa.*
   447 U.S. 715 (1980)..............................................................................................3

*United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech.*
   2011 U.S. Dist. LEXIS 5922 (W.D.Wash. Jan. 14, 2011) ...................................9

*Wright v. Universal Maritime Serv. Corp.*
   525 U.S. 70 (1998)................................................................................................9

State Cases

*Bono Enterprises, Inc. v. Bradshaw*
   32 Cal.App.4th at 976–77 (1995) .........................................................................6

*Employers Reinsurance Co. v. Super. Ct.*
   161 Cal.App.4th 906 (2008) .................................................................................7

*Iskanian v. CLS Transp. Los Angeles*
   59 Cal.4th 348 (2014) ............................................................................................ 12

*Mendiola v. CPS Security Solutions, Inc.*
   60 Cal.4th 833 (2015) .................................................................................... 2, 5, 6

*Vasquez v. Superior Court*
   80 Cal. App. 4th 430, 435 (2000).......................................................................... 10

*Vranish v. ExxonMobil Corp.*
   223 Cal.App.4th 103 (2014) ................................................................................. 12

Federal: Statutes, Rules, Regulations, Constitutional Provisions

29 C.F.R.
   § 785.19.............................................................................................................. 6, 7
   §§ 785.19 and 785.23 .............................................................................................6
   § 785.22..................................................................................................................6
   § 785.23..................................................................................................................6

43 U.S.C.
   § 1333(a)(1)...........................................................................................................3
   §§ 1333(a)(1) & 1333(a)(2)(A)..............................................................................5

Fair Labor Standards Act's ("FLSA") ................................................................ *passim*

FRCP 12(b) ................................................................................................................. 12

LMRA ..........................................................................................................................8

State: Statutes, Rules, Regulations, Constitutional Provisions

Cal. Civ. Proc. Code § 1856(c) ....................................................................................7

Cal. Lab. Code
   § 226......................................................................................................................7
   § 514........................................................................................................ 10, 11, 12
   § 2699....................................................................................................................6

## I. INTRODUCTION

Contrary to Plaintiffs' arguments, their claims are subject to dismissal both because California law does not apply to their claims under the Outer Continental Shelf Lands Act ("OCSLA"), and because they are subject to mandatory arbitration. Plaintiffs fail to address many of Defendant's arguments, and ignore the weight of Defendant's cited authority. Instead, they focus largely on tangential arguments, all of which lack merit. Their Opposition is accordingly unavailing.

Initially, in regards to OCSLA, Plaintiffs' assert: (1) the Fair Labor Standards Act's ("FLSA") savings clause applies to platforms governed by OCSLA; and (2) federal cases and Department of Labor ("DOL") regulations interpreting and applying the FLSA are not part of the body of federal law that OCSLA makes applicable to platforms on the Outer Continental Shelf ("OCS").[1] Both arguments fail.

Under OCSLA, the oil platforms Plaintiffs worked on are zones of exclusive federal jurisdiction—state law applies only to the extent it is "applicable and not inconsistent" with Federal laws and only if it is "*necessary*" to fill "a *significant* void or gap" in federal law. Plaintiffs ignore this standard and instead retreat to irrelevant, non-OCSLA authority and a tortured argument that the federal case law and regulations interpreting and implementing the FLSA are not "federal laws."

Second, Plaintiffs assert that the CBAs governing Plaintiffs' employment do not in fact apply to them. But both CBAs were negotiated to apply to and cover all of Defendant's employees working at any of Defendant's locations in California or off the California coast. Plaintiffs offer of nothing more than an alleged internal conflict in the document is insufficient and their argument must fail.

Plaintiffs next argue that the CBAs' arbitration provisions do not qualify as "clear and unmistakable" agreements to arbitrate Plaintiffs' claims. But Plaintiffs' authorities are unavailing, as the CBAs in fact do specifically reference and

---

[1] Plaintiffs do not dispute their claims arise solely out of activity on platforms subject to OCSLA.

incorporate the appropriate California law. Additionally, Plaintiffs conflate Defendant's arguments and ignore that their claims require substantial interpretation of the CBAs—which independently requires the claims be arbitrated. Plaintiffs' remaining arguments regarding arbitrability are similarly unavailing, as discussed in detail below.

For these reasons, and those set forth in Defendant's moving papers and below, the Court must grant Defendant's Motion to Dismiss.

## II. ARGUMENT

### A. State Law, Including *Mendiola*, Does Not Apply To Work Performed On The OCS Because It Is Inconsistent With Federal Law.

#### 1. The FLSA Savings Clause and Preemption Principles Are Irrelevant: OCSLA Does Not Incorporate State Law Here

Plaintiffs' opposition fails to even mention the correct standard for determining whether OCLSA adopts the law of an adjacent state as surrogate federal law. Under *Continental Oil Co. v. London S.S. Owners' Mut. Ins. Assoc.*, 417 F.2d 1030, 1036 (5th Cir. 1969), state law is adopted on the OCS only where necessary "to fill a significant void or gap" in federal law. *Continental Oil* unequivocally rejected the argument that OCSLA "exports the whole body of adjacent law onto the [OCS] for automatic application to any and all occurrences *unless*--with the *unless* being limited to (a) specific provisions within the Act or (b) inconsistent federal law." *Id.* at 1035.

Plaintiffs acknowledge *Continental Oil* "did not even reach the issue of whether these two statutory schemes were 'inconsistent,' since it held that the Louisiana statute did not apply to the action in the first place." [Opp., p.12, lines 24–26.] Indeed, this is precisely the point. Because the Louisiana statute was not necessary to fill a significant void or gap in federal maritime law, it was not "applicable" under OCSLA despite the lack of a direct conflict with federal law.

Plaintiffs' efforts to distinguish Defendant's other authorities similarly fail. Plaintiffs seek to distinguish *Nations v. Morris*, 483 F.2d 577 (5th Cir. 1973) and *Couvillion v. Nicklos Oil & Gas Co.*, 671 F.Supp. 446 (E.D.La. 1987) on grounds the

claims are under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), which does not have a savings clause like the FLSA. But the FLSA's savings clause is utterly irrelevant—the standard for whether state law is incorporated on an OSCLA situs is whether application of state law is <u>necessary</u> to fill a significant federal gap. *Nations*, 483 F.2d at 589–90; *Couvillion*, 671 F. Supp. at 448.

Plaintiffs' also attempt, but fail, to distinguish *Le Sassier v. Chevron USA, Inc.* 776 F.2d 506 (5th Cir. 1985), which held a state law retaliatory discharge claim was barred by OCSLA due a specific LHWCA provision allowing a wrongful discharge action. The FLSA contains similar specific provisions permitting recovery of overtime and minimum wages for all hours worked, thereby precluding the application of California state law to an OCSLA situs. Significantly, the Supreme Court had held in *Sun Ship v. Pa.*, 447 U.S. 715 (1980) that the LHWCA does not preempt state law providing for benefits more generous than those available under federal law. *Le Sassier* found the Court's holding irrelevant to whether parallel state law is incorporated as surrogate federal law under OCLSA. 776 F.2d at 509 ("*Sun Ship*, however, did not involve an OCSLA-based compensation claim"). The FLSA's savings clause and preemption principles are inapplicable to OCS-based disputes.

Finally, Plaintiffs argue *Mersnick v. USProtect Corp.*, 2006 WL 3734396 (N.D. Cal. 2006) and *George v. UXB Int'l, Inc.*, 1996 WL 241624 (N.D. Cal. 1996) provide no guidance because they are federal enclave, rather than OCLSA, cases. But under 43 U.S.C. §1333(a)(1), OCSLA platforms are treated as though they are inland federal enclaves. *See Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 362 (1969). Contrary to Plaintiffs' claims, state laws in existence at the time land comprising a federal enclave is ceded to the federal government continue to apply to the extent they are not "inconsistent" with other federal law; the <u>exact</u> standard used for determining state law applicability on the OCS. *See Mersnick*, at *18. Plaintiffs also incorrectly claim *Mersnick* does not address the FLSA savings clause. In fact, *Mersnick* expressly rejected that "where the state law offers greater protections than

the federal law, it is not 'inconsistent,'" and held preemption principles were irrelevant "given the exclusivity of federal jurisdiction on federal enclaves." *Id.* at *7.

Accordingly, the FLSA savings clause and preemption cases Plaintiffs cite are inapposite, and Plaintiffs must show application of California law is necessary to fill a significant gap in the FLSA to maintain their exclusively state law causes of action.

### 2. Federal Cases Interpreting The FLSA And DOL Regulations Are Federal Laws Applicable To Actions Arising On The OCS

Plaintiffs concede the FLSA applies on the OCS, but argue federal case law interpreting the FLSA does not. Plaintiffs characterize the cases interpreting the FLSA as "federal common law," and assert they do not control because they are not the FLSA itself. This novel theory has no basis in the text of OCSLA, which prohibits application of state law that is not applicable to or inconsistent with OCSLA, Department of the Interior regulations, or any "other federal laws."

Plaintiffs' argument rests on a strained reading a single case, *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), and a basic misunderstanding of the nature of "federal common law." *Huson* held that when applying substantive state personal injury law to platforms on the OCS, the applicable state statute of limitations applies rather than one from admiralty law. *Id.* at 100–05. *Huson* does not state that cases interpreting federal statutes are "federal common law" and therefore not applicable on the OCS.

Plaintiffs also claim the DOL's regulations clarifying the term "hours worked" are non-binding and thus not "federal laws" under OCSLA. Plaintiffs cite *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) for the idea that the regulations are persuasive only, but *Skidmore* held only that agency opinions found "in an interpretative bulletin and in informal rulings" are not entitled to controlling weight. *Id.* at 138. Under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984), statutory interpretations found in formal regulations pursuant to a Congressional delegation are binding to the extent that (1) Congress has not unambiguously addressed the question; and (2) the regulations are a reasonable construction of the statute. Federal courts have held the

DOL's regulations defining hours worked under the FLSA are entitled to conclusive *Chevron* deference.[2] Thus, the DOL regulations defining hours worked cited in Defendant's Motion are federal law and applicable on the OCS under OCSLA.

Case law interpreting the FLSA constitutes, for all intents and purposes, "laws . . . of the United States." 43 U.S.C. §§1333(a)(1) & 1333(a)(2)(A). Plaintiffs' state law causes of action survive only if they are necessary to fill a significant gap or void in the complete body of federal law interpreting and applying the FLSA.

### 3. Plaintiffs' Fail To Show Their Claims Are Necessary To Fill A Significant Gap In The Scheme Created By The FLSA

#### a. *Plaintiffs' Overtime And Minimum Wage Claims Are Not Necessary To Fill A Significant Gap In The FLSA*

Plaintiffs' first and sixth causes of action for state minimum wage and overtime violations relate to subjects directly covered by the FLSA. *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013) ("The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees…"). California law is not necessary to fill <u>any</u> gaps in the FLSA. Moreover, California's definition of hours worked with respect to sleep and "on-call" time <u>directly conflicts with the FLSA</u>.

The Ninth Circuit's decision in *Brigham v. Eugene Water & Electric Board*— with facts very similar to *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal.4th 833 (2015) —is dispositive. 357 F.3d 931 (9th Cir. 2004). In *Brigham*, plaintiffs working (and living on site) at a power plant in a national forest were required to work one 24-hour shift each week. Plaintiffs worked for about six and a half hours, and were paid for eight hours, as well as for any calls lasting longer than fifteen minutes. For the remainder of the 24 hours, plaintiffs remained "on duty," and were required to stay in their homes. *Id.* at 934. The court held that the time plaintiffs were required to remain in their homes was <u>not compensable overtime</u>. In so ruling, the court relied on 29

---

[2] *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 161 (2007). Others have found regulations defining hours worked are not entitled to *Chevron* deference, still adopt the regulations as persuasive. *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 940–43 (9th Cir. 2004) ("Although these interpretive rules are non-binding…we have nonetheless--along with our sister circuits--turned to these longstanding DOL regulations in resolving FLSA waiting time disputes.").

1 C.F.R. §785.23—the precise regulation the *Mendiola* court held was not incorporated in to Wage Order 4. *Brigham*, 357 F.3d at 940.

Plaintiffs claim that 29 C.F.R. §785.22, which allows employers and employees to agree to exclude up to eight hours of sleep time from hours worked, requires a fact intensive, case-by-case analysis is inapposite. *Mendiola* held §785.22 does <u>not</u> describe California law, and employers and employees (except ambulance drivers) may *never* agree to exclude sleep time from hours worked for on duty time. *Id.* at 843–49. Plaintiffs also fail to explain how 29 C.F.R. §§785.19 and 785.23 are consistent with California law. *Bono Enterprises, Inc. v. Bradshaw* held that §785.19 is <u>not</u> part of California law. 32 Cal.App.4th at 976–77 (1995). *Mendiola* made the same finding with respect to §785.23. 60 Cal. 4th at 842–44.

For these reasons, Plaintiffs' overtime and minimum wage claims must fail.

        **b.** *None of Plaintiffs' Other State Law Causes Of Action Are Necessary To Fill A Significant Gap In The FLSA*

Plaintiffs' third and fourth causes of action (unfair competition and failure to timely pay final wages), both fail, as an employee may not maintain California law claims inconsistent with the FLSA. *Mersnick*, at *7–8, *10 (dismissing timely wages claim because "the FLSA does not provide for penalties for failure to pay wages within a specific period of time," and unfair competition claim because it was based on "the same alleged violations" that the court had already dismissed).

Plaintiffs' seventh cause of action for civil penalties under PAGA also fails. PAGA permits employees to recover for the state civil penalties for violations of the California Labor Code. Cal. Lab. Code §2699. But because Plaintiffs' claims are barred by OCSLA, there are no civil penalties for Plaintiffs to collect under PAGA.

With respect to the fifth cause of action for failure to provide meal and rest periods, Plaintiffs fail to identify any theory of liability other than that all hours spent on a platform constitutes hours worked under California law. This theory is inconsistent with 29 C.F.R. §785.19: an employee need not "be permitted to leave the

premises if he is otherwise completely freed from duties during [a bona-fide] meal period." Further, Plaintiffs admit the FLSA lacks any "provision ... governing meal periods and the penalties for not providing them" and §785.19 "address[es] how to treat off-duty meal periods for the purpose of computing hours worked." [Opp., p.23, lines 15–22.] Therefore, the fifth cause of action fails to state a claim.

Finally, the second cause of action for "pay stub violations" fails because it merely recites the elements of a claim for violation of Labor Code §226—which is not enough. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (plaintiff must set forth "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The second cause of action accordingly may only be read as derivative of Plaintiffs' other claims, and must be dismissed.

**B.    Contrary To Plaintiffs' Assertions, The CBAs Governing Plaintiffs' Employment Require Arbitration of Their Claims.**

**1.    The CBAs Negotiated By Plaintiffs' Union Undisputedly Apply To Employees Working On Offshore Oil Platforms**

Plaintiffs assert that the CBAs between Defendant and the Union do not apply to employees working on the oil platforms off the California coast because one of the agreements contains introductory language indicating it covers employees "throughout California." This argument wholly lacks merit.

Both CBAs have been in effect since 2013, and, apply to <u>all</u> employees working both in California and off the coast thereof; Plaintiffs offer no evidence to the contrary. Plaintiffs offer no evidence that there has ever been a dispute or grievance regarding the meaning of the CBAs or their application to the platforms. Thus, the parties course of performance defines the terms and scope of the CBAs. "[C]ourse of performance evidence can be used . . . to interpret an ambiguity, [or] to reveal one in language otherwise thought to be clear." *Employers Reinsurance Co. v. Super. Ct.*, 161 Cal.App.4th 906, 920–21 (2008); *see also* Cal. Civ. Proc. Code §1856(c) ("The terms set forth in a [contract] may be explained or supplemented by

course of dealing . . . or by course of performance.").[3] Moreover, the Maintenance & Construction CBA ("M&C CBA") expressly refers to all employees working at: "ExxonMobil Production–all locations" (3 of the platforms at issue); "Veneco, Inc.– all locations" (4 platforms); and "PXP Corp., CA" (4 platforms, now operated by FMOG). *See* Schedule A to M&C CBA.

The parties' course of performance and the express incorporation of the platforms at issue here demonstrates the CBAs apply to Plaintiffs.

### 2. Plaintiffs Fail To Demonstrate Their Claims Are Not Subject To Arbitration

The Opposition conflates and misconstrues Defendant's arguments regarding two independent reasons that Plaintiffs' claims must be dismissed: (1) Plaintiffs' claims are not independent of the CBAs, and require substantial interpretation of them; and (2) the CBAs clearly and unmistakably require arbitration of Plaintiffs' wage and hour claims.

#### a. Plaintiffs Cannot Show Their Claims Do Not Require Interpretation of the CBAs

Plaintiffs ignore Defendant's arguments that their claims require interpretation of the CBAs, and instead proceed as if it is assumed their claims are exclusively statutory. Plaintiffs argue that Section 301 does not preempt state law claims arising <u>entirely independently of a CBA</u>. *E.g.*, *Livadas v. Bradshaw*, 512 U.S. 107 (1994). Defendant does not disagree—but this is not true of Plaintiffs' claims. Plaintiffs do not dispute Defendant's arguments [Motion, pp. 6–8] that their claims are "founded directly on rights created by," and require interpretation of, the CBAs. *See, e.g.*, *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991). Plaintiffs also argue, wrongly, a "defensive claim cannot form the basis for LMRA preemption." [Opp., p. 5, lines 20–21.] State law claims are preempted under Section 301 if they require interpretation of a CBA, even if only to evaluate an employer's defense. *Audette v.*

---

[3] Ironically, any dispute over the meaning of the language "throughout California" or whether the CBAs apply to rigs is a question in the first instance for the arbitrator. It is not a statutory question and is plainly preempted under Section 301 by the CBAs' arbitration provision. [Motion, pp. 4–5.]

*Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999). Accordingly, Plaintiffs' claims are preempted and must be dismissed.[4]

### b. Plaintiffs' Authorities Fail To Refute That The CBAs' Agreements To Arbitrate Are Clear And Unmistakable

Plaintiffs assert Defendant's CBAs do not include a clear and unmistakable agreement to arbitrate. Plaintiffs are wrong. Here, both CBAs expressly incorporate Wage Order 16 and state: "Any alleged violation of any applicable wage order shall be resolved exclusively under and in accordance with the procedure for settlement of grievances and disputes set forth in this Agreement." Ops. CBA §14.11; M&C CBA §15.11. The waiver is clear—the parties have agreed to arbitrate disputes under Wage Order 16, which includes requirements for hours worked, overtime, alternate workweeks and meal periods. None of Plaintiffs' authorities are applicable. Plaintiffs cite *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70 (1998), and argue it provides a CBA must expressly and specifically mention the specific statute at issue. But *Wright* does not. Rather, *Wright* held the CBA at issue included only a "very general" provision for "arbitration of 'matters under dispute,'" and such a broad provision was not "clear and unmistakable." *Id.* at 80. The *Wright* CBA did not contain the type of targeted provisions contained in Defendant's CBAs.

Plaintiffs also cite an unpublished decision, *Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 3359372 (C.D.Cal. Aug. 13, 2010), for the proposition that incorporation by reference of Wage Order 16 does not constitute a clear and unmistakable agreement to arbitrate statutory disputes. Plaintiffs simplistic analysis misunderstands applicable California and federal law. Initially, as discussed at length

---

[4] Plaintiffs assert the Labor Code provisions their claims rely on are non-negotiable. But they are wrong. As discussed throughout Defendant's Motion and this Reply, employers become exempt from numerous provisions—for example, overtime and meal periods—by entering into a qualifying CBA with its employees. Cal. Lab. Code § 514. Plaintiffs also argue the CBAs' arbitration procedure is unenforceable because it requires grievances to be filed within thirty days. But courts have rejected similar arguments—as Plaintiffs' argument should be rejected. *See United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*, 2011 U.S. Dist. LEXIS 5922, *12 (W.D.Wash. Jan. 14, 2011) (7-day limit on filing grievances is not unconscionable).

in Defendant's Motion [pp.11–13], Wage Order 16 covers <u>all</u> of Plaintiffs' claims, and the CBAs' arbitration agreement—which incorporates the Wage Order—accordingly requires arbitration of all of Plaintiffs' claims. Whereas the CBA at issue in *Martinez* <u>only</u> incorporates Wage Order 16, the CBAs here also contain multiple references to California law; including provisions for "overtime hours <u>as defined by the State of California</u>," and "paid breaks in accordance with <u>California law</u>." M&C CBA, §§15.13 & 15.8; Ops. CBA §§14.8 & 14.13. In *Vasquez v. Superior Court*, the court held that an arbitration provision may be "sufficiently clear [under *Wright*] if broad, nonspecific language in the arbitration clause is coupled with an explicit incorporation of statutory . . . requirements elsewhere in the contract." 80 Cal. App. 4th 430, 435 (2000). If another provision in the contract "makes it unmistakably clear that the . . . statutes at issue are part of the agreement, employees will be bound to arbitrate their [statutory] claims." *Id.* at 435 (citations omitted). Here, coupled with the incorporation of Wage Order 16 and the above references to California law, Defendants' CBAs' broad arbitration clause constitutes a clear and unmistakable agreement to arbitrate Plaintiffs' claims.

Moreover, in *Martinez*, Judge Gutierrez never fully addressed the arguments made here. Specifically, if Defendant meets the applicable CBA exemption test, it is exempt from providing overtime and meal periods under the Labor Code or Wage Order 16. Here the CBAs undisputedly have express provisions covering overtime and meal periods. The CBAs also provide for an hourly rate that is 30% over minimum wage and as well as for premium pay. Cal. Lab. Code § 514. Since on the face of the CBAs, Defendant is exempt from the statutory and Wage Order requirements for overtime and meal periods, those claims can only be based on the CBAs. Thus, those claims must be dismissed.

### 3. **Plaintiffs' Minimum Wage Claim Can Not Stand On Its Own**

Plaintiffs' minimum wage claim cannot be an "alternative" to their overtime claim. Their arguments to the contrary ignore the laws of preemption and of

arbitrability. Plaintiffs claim they are entitled to be paid for hours in excess of 12 in a day. The CBAs expressly cover pay (overtime) after 12 hours in a day. Specifically: "All hours in excess of twelve (12) hours in a day will be paid at double (2x) time the applicable straight time rate." Ops. CBA §14.5; M&C CBA §15.5. If the Court reaches the question of whether hours spent on the platform in excess of 12 are hours worked for minimum wage purposes, the Court would in essence be ruling that those hours must be compensated at double time due to the above contractual provisions. Such a ruling would improperly usurp the power of the arbitrator or possibly lead to inconsistent results.[5] The claim must be dismissed.

### 4. Plaintiffs Fail To Distinguish Authority Demonstrating That Their Claims Are Precluded By Labor Code Section 514

Plaintiffs argue *Vranish v. ExxonMobil Corp.*, 223 Cal.App.4th 103 (2014) is distinguishable and their overtime claim is <u>not</u> precluded by Labor Code section 514; and that Defendant's employees do not earn 30% above minimum wage and therefore the section 514 exception does not apply. Plaintiffs are wrong.

*Vranish* affirmed that "<u>section 514, as well as section 510(a)(2), provide a complete exception to the overtime requirements of section 510(a)</u>." *Id.* at 108 (emphasis added). The same exception applies here, for the same reason: "[b]ecause plaintiffs are covered by a qualifying bargaining agreement, section 510's definition of 'overtime' does not apply." *Id.* at 109. Plaintiffs' sole argument that the CBAs are not qualifying agreements is a confused assertion that Defendant's employees do not earn at least 30% over minimum wage. Both CBAs provide: "All employees <u>shall be paid at least 30% over the minimum wage</u> for the State of California." Plaintiffs offer no evidence to the contrary, and fail not only to cite any competing authorities, but also to effectively distinguish any of the federal authorities that reach the same conclusion as *Vranish*. Defendant's CBAs meet the requirements of Labor Code section 514 and Plaintiffs' overtime claim must be dismissed.

---

[5] *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562–63 (1976) ("Courts are not to usurp those functions which [CBAs] have properly entrusted to the arbitrat[or].").

### 5. The Weight Of Authority Demonstrates Plaintiffs' PAGA Claim Is Subject To Arbitration

Plaintiffs argue that under *Iskanian v. CLS Transp. Los Angeles*, 59 Cal.4th 348 (2014), their PAGA claim is not subject to arbitration. But *Iskanian*, a California Supreme Court decision, is not binding on federal courts. In *Fardig v. Hobby Lobby Stores, Inc.*, 2014 WL 4782618, *4 (C.D.Cal. Aug. 11, 2014), the court noted it was "not bound by the California Supreme Court's understanding of federal law." *Id.* at *4. Indeed, numerous federal courts have required plaintiffs to arbitrate PAGA claims. *See, e.g., Id.* ("[T]he rule making PAGA claim waivers unenforceable is preempted by the FAA. [N]othing in *Iskanian* . . . persuades the Court otherwise. . . ."); *Langston v. 20/20 Cos., Inc.*, 2014 WL 5335734, *8 (C.D.Cal. Oct. 17, 2014) ("[T]he FAA preempts California's rule against arbitration agreements that waive an employee's right to bring representative PAGA claims."). Further, Plaintiffs' argument would effectively bar a collective bargaining agreement including an agreement to arbitrate state statutory claims—an outcome that is flatly prohibited by the United States Supreme Court. *14 Penn Plaza v. Pyett*, 556 U.S. 247, 257 (2009) (approving union's right to enter into an agreement to arbitrate statutory claims "in a collective bargaining agreement in return for other concessions from the employer").

### III. CONCLUSION

For the foregoing reasons, Defendant requests this Court dismiss the Complaint in its entirety, with prejudice, pursuant to FRCP 12(b).

Dated: July 13, 2015      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/S/_____
RONALD J. HOLLAND
ELLEN M. BRONCHETTI
MATTHEW C. LEWIS
Attorneys for Defendant, IRWIN INDUSTRIES, INC.