1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   RONALD J. HOLLAND, Cal. Bar No. 148687
2  rholland@sheppardmullin.com
   ELLEN M. BRONCHETTI, Cal. Bar No. 226975
3  ebronchetti@sheppardmullin.com
   MATTHEW C. LEWIS, Cal. Bar No. 274758
4  malewis@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:   415.434.9100
6  Facsimile:   415.434.3947

7  Attorneys for Defendant
   IRWIN INDUSTRIES, INC.

8

                 UNITED STATES DISTRICT COURT FOR THE
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11  CARL CURTIS, an individual;          Case No. 2:15-cv-02480
    ARTHUR WILLIAMS, an individual,
12                                        *Hon. Otis D. Wright, II*
              Plaintiffs,
13                                        **CLASS ACTION**
          v.
14                                        **DEFENDANT'S RESPONSE TO
    IRWIN INDUSTRIES, INC. a              PLAINTIFFS' NOTICE OF
15  California corporation; and DOES 1    ADDITIONAL AUTHORITY**
    through 100, inclusive,
16
              Defendant.
17                                        Complaint Filed: February 17, 2015
                                          FAC Filed:        May 4, 2015
18

19

20

21

22

23

24

25

26

27

28

1    Defendant respectfully submits this Response to Plaintiff's Notice of

2    Additional Authority Re: Plaintiffs' Opposition to Defendant's Motion to Dismiss

3    Plaintiffs' First Amended Complaint, filed September 21, 2015.  The Court should

4    disregard Plaintiff's "additional authority" for two reasons.

5        First, though Plaintiffs imply through the filing of their Notice that the

6    decision they cite, *Korndobler v. DNC Parks & Resorts at Sequoia*, No. 1:15-cv-

7    00459 LJO SKO, 2015 WL 3797625 (E.D. Cal. June 18, 2015), is new, the decision

8    was issued prior to Plaintiffs' filing of their Opposition to Defendant's Motion to

9    Dismiss.  The decision in *Korndobler* was issued June 18, 2015—nearly three weeks

10   prior to the July 6, 2015 filing of Plaintiffs' Opposition to Defendant's Motion to

11   Dismiss.  Plaintiffs had ample opportunity to cite the decision in their Opposition,

12   and failed to do so.[1]  Plaintiffs' extremely late effort to rely on the *Korndobler*

13   decision—more than three months after the decision was issued, and more than two

14   months after the filing of both Plaintiffs' Opposition and Defendant's Reply as well

15   as the Court's decision to take the matter under submission without a hearing—

16   constitutes an improper attempt to re-open the record while providing Defendant no

17   opportunity to respond.  *See* Local Rules 7-12 ("The Court may decline to consider

18   any memorandum or other document not filed within the deadline set by order or

19   local rule.") and 7-13 ("A party filing any document in support of, or in opposition

20   to, any motion noticed for hearing as above provided after the time for filing the

21   same shall have expired, also shall be subject to [sanctions]."); *see also Biotec*

22   *Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 1999 WL

23   35014902, *1 (C.D. Cal. July 23, 1999) (disregarding as untimely under the Central

24   District Local Rules a late citation to evidence presented in supplemental briefing

25

[1] Further, Plaintiffs' Opposition, filed July 6, 2015, took up the full 25 pages allowed
26   under this Court's Standing Order (Section VII.A.3).  Plaintiffs' supplemental submission,
     addressing and applying authority that was available to Plaintiffs at the time they filed their
27   Opposition, functionally constitutes an additional page of argument in excess of the
     Court's own limits.
28

1 | that was available "long before the hearing"); *Condit v. Nat'l Enquirer, Inc.*, 289

2 | F.Supp. 2d 1175, 1176 (E.D.Cal. 2003) (finding "Supplemental Authority and

3 | Evidence" submitted by plaintiff was untimely under the Local Rules and therefore

4 | electing not to consider the supplemental papers).  Accordingly, the Court should

5 | disregard Plaintiffs' late citation to this decision.

6 |       Second, Plaintiff's reliance on the decision is misplaced.  *Korndobler* decided

7 | that California's minimum wage law laws were "consistent" with the FLSA for

8 | purposes of applicability in a federal enclave, but the decision is wholly inconsistent

9 | with *Mersnick v. USProtect Corp.*, No. C-06-03993 RMW, 2006 WL 3734396

10 | (N.D. Cal. Dec. 18, 2006), cited in Defendant's papers.  *Mersnick* held that a

11 | number of California state claims arising out of an alleged failure to pay overtime in

12 | a federal enclave were inconsistent with the FLSA, and therefore did not apply.

13 | *Korndobler* purports to distinguish *Mersnick* on the ground that the plaintiff in

14 | *Mersnick* technically sought recovery under a different set of statutes, but the

15 | reasoning of *Mersnick* is in fact applicable to all state wage and hour laws.

16 | *Korndobler* ignored *Mersnick's* well-reasoned holding that the question of whether

17 | state law is "inconsistent" with federal law for purposes of a federal enclave analysis

18 | is "necessarily more stringent" than general preemption principles "given the

19 | exclusivity of federal jurisdiction on federal enclaves." *Mersnick*  at *7.

20 | *Korndobler* further failed to consider *George v. UXB International, Inc.*, 1996 WL

21 | 241624, *3 (N.D. Cal. 1996), which held that a California wage order providing for

22 | overtime pay "conflicts with the federal Fair Labor Standards Act" in a federal

23 | enclave.

24 |       In any event, the *Korndobler* decision is not binding on this Court, and while

25 | cases decided under the federal enclave doctrine are illustrative, the standard for

26 | state law incorporation on OCLSA platforms is even stricter.  Plaintiff must show

27 | that state law is necessary to fill a significant gap or void in a federal scheme. *See*

28 | *Cont'l Oil Co. v. London Steam-Ship Owners' Mut. Ins. Ass'n*, 417 F.2d 1030, 1036

CASE NO. 2:15-CV-02480

SMRH:473223778.1

-2-

1  (5th Cir. 1969); *Nations v. Morris*, 483 F.2d 577, 585 (5th Cir. 1973). On August

2  10, 2015 Judge Gary Klausner of the Central District of California issued an order in

3  a substantially similar case (*Newton v. Parker Drilling Mgmt. Servs., Inc.*, CV 15-

4  02517-RGK (AGRx)) holding that state wage and hour law does not apply on

5  platforms subject to OCSLA. As set forth in Judge Klausner's order and in

6  Defendant's moving papers and reply, the weight of authority plainly demonstrates

7  that California wage and hour law is neither applicable nor consistent with the

8  FLSA for purposes of OCSLA.

9

10

11  Dated: September 25, 2015

12                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                        By    _____

15                                    RONALD J. HOLLAND
                                     ELLEN M. BRONCHETTI
16                                   MATTHEW C. LEWIS
17                                For Defendant Irwin Industries. Inc.

18

19

20

21

22

23

24

25

26

27

28