1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**O**

JS-6

## United States District Court
## Central District of California

CARL CURTIS; ARTHUR WILLIAMS,

        Plaintiffs,

    v.

IRWIN INDUSTRIES, INC.; DOES 1 – 100,

        Defendants.

Case № 2:15-cv-2480-ODW(Ex)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [14]**

## I.   INTRODUCTION

The instant action arises from alleged wage-and-hour violations.  Carl Curtis and Arthur Williams ("Plaintiffs") are former employees of Irwin Industries, Inc. ("Defendant").  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss, and **ORDERS that the parties shall proceed to arbitration** pursuant to the terms of the collective bargaining agreements ("CBAs").[1]  (ECF No. 14.)

## II.   FACTUAL BACKGROUND

Plaintiffs worked on an oil platform off the California coast and had shifts typically lasting seven days.  (FAC. ¶ 13.)  Plaintiffs allege that they received pay for

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

1    12 hours each day, but could not reasonably leave the platform during their seven-day

2    shifts.   (*Id.*)   Plaintiff Curtis was employed by Defendant from approximately

3    December 27, 2013 to April 7, 2014, and Plaintiff Williams was employed by

4    Defendant for over four years prior to the approximate date of April 7, 2014.  (*Id.*

5    ¶ 12.)

6         Plaintiffs do not dispute that during their employment they were members of

7    the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied

8    Industrial and Service Workers International Union, Local 1945 (the "Union").  (ECF

9    No. 14, Ex. 1.)   On behalf of its members, the Union and Defendant entered two

10   Collective Bargaining Agreements ("CBAs"), which provide that "the grievance

11   [process outlined in the Agreement] and arbitration process will be used to settle

12   issues that cannot be resolved through discussion and mutual agreement."  (*Id.* at 8.)

13   The Agreements cover wage disputes and state that "[a]ny alleged violation of any

14   applicable wage order shall be resolved exclusively under and in accordance with the

15   procedure for settlement of grievances and disputes set forth in this Agreement."  (*Id.*

16   at 11.)

17         On February 17, 2015, Plaintiffs filed suit against Defendant.  (ECF No. 1, Ex.

18   A.)   On April 1, 2015, Plaintiffs filed a First Amended Complaint ("FAC").[2]  (ECF

19   No. 11, Ex. 1.)   The FAC alleges: (1) minimum wage violations; (2) pay stub

20   violations; (3) unfair competition; (4) failure to timely pay final wages; (5) failure to

21   provide lawful meal and rest periods; (6) failure to pay overtime and double-time

22   premium wages; and (7) civil penalties under PAGA.  (*Id.*)

23         Plaintiffs bring this action individually and on behalf of all others similarly

24   situated.  (*Id.* ¶ 8.)   The class consists of Defendant's hourly employees who, at any

25   time within four years from the date of filing this action, worked for periods of 24

26

27   _____

28   [2] Plaintiffs' FAC added failure to provide lawful rest breaks to the Fifth Cause of Action and a
     Seventh Cause of Action seeking civil penalties under the Private Attorneys General Act of 2004
     ("PAGA").  The original Complaint and FAC are otherwise identical.

consecutive hours or more ("Putative Class").  (*Id*.)  The Putative Class represents over 25 persons.  (*Id*.)

Defendant removed the instant action to federal court and filed a Motion to Dismiss and Request for Judicial Notice.  (ECF Nos. 1, 14.)  Defendant's Motion and Request remain before the Court for decision.

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV.   DISCUSSION

**A.     Motion to Dismiss**

Defendant moves to dismiss Plaintiffs' FAC on the grounds that: (1) Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act ("LMRA");

1   (2) Plaintiffs failed to exhaust their contractual remedies; (3) Plaintiffs are exempt

2   from all California overtime requirements under Labor Code Section 514 and

3   California Industrial Wage Order No. 16; and (4) Plaintiffs' reliance on state law is

4   misplaced because the instant action is governed exclusively by federal law.  (Mot. 1–

5   2.)

6          Defendant first argues that Plaintiffs' claims are preempted by § 301 of the

7   LMRA, which provides exclusive federal jurisdiction over claims involving CBAs

8   between unions and employers and preempts any state law claim based on such an

9   agreement.  (*Id.* at 4 citing *Franchise Tax Board of Calif. v. Construction Laborers*

10  *Vacation Trust for So. Calif.*, 463 U.S. 1, 23 (1983)).  From this, Defendant concludes

11  that Plaintiffs' claims must be dismissed and arbitrated pursuant to the terms of the

12  CBAs.

13         Plaintiffs contend that their claims are not preempted by § 301 and the CBAs do

14  not apply to any of the Putative Class members because the CBAs: (1) do not apply to

15  work performed in federal territories (*i.e.*, over three miles off the California coast);

16  and (2) fail to state whether they cover the oil platforms worked on by Plaintiffs.

17  (Opp'n 2.)

18         The Court finds that Plaintiffs' claims are preempted by federal law and

19  therefore the parties must proceed to arbitration.  The Court recognizes that "[d]espite

20  the breadth of § 301 complete preemption, 'not every claim which requires a court to

21  refer to the language of a labor-management agreement is necessarily preempted.'"

22  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).

23  However, "the Supreme Court has distinguished claims that require interpretation or

24  construction of a labor agreement and those that require a court simply "look at" the

25  agreement.  *Id*. (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123–26 (1994).  When

26  courts must interpret or construct a labor agreement, the rationale underlying § 301—

27  promoting the arbitration of labor contract disputes—mandates a finding of

28

4

1  preemption.  *Balcorta*, 208 F.3d at 1109; *Livadas*, 512 U.S. at 122; *Allis-Chalmers*

2  *Corp. v. Lueck*, 471 U.S. 202, 210–11.[3]

3         Here, the Court cannot simply "look at" the CBAs.  Plaintiffs contest the

4  applicability of the CBAs, contending that CBA1 only applies to "work locations

5  located throughout California" and CBA2 fails to "clarify whether the oil platforms

6  worked on by Plaintiffs are covered by this agreement."  (Opp'n 2.)  Since Plaintiffs

7  dispute the applicability of the CBAs, the Court cannot simply "look at" CBA but

8  must interpret and possibly construct the CBAs.  Therefore, the rationale underlying

9  § 301 mandates a finding of preemption.  *Balcorta*, 208 F.3d at 1109; *Livadas*, 512

10  U.S. at 122; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11.

11  **V.    CONCLUSION**

12         For the reasons discussed above, the Court **GRANTS** Defendant's Motion to

13  Dismiss, and **ORDERS that the parties shall proceed to arbitration** pursuant to the

14  terms of the CBAs.  (ECF No. 14.)

15         **IT IS SO ORDERED.**

16

17         November 12, 2015

18

19         _____

20                **OTIS D. WRIGHT, II**

           **UNITED STATES DISTRICT JUDGE**

21

22

23

24

---

25  [3] "One reason for expanding complete preemption beyond the textual confines of § 301 is that any
claim the resolution of which requires the interpretation of a collective bargaining agreement

26  presents some risk to the policy of uniformity if state law principles are employed in that
interpretation, even if the claim is not one for breach of contract."  *Balcorta* 208 F.3d at 1109 (citing

27  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06; *Livadas,* 512 U.S. at 121–23).

28