Michael A. Strauss, SBN 246718
mike@palaylaw.com
Andrew C. Ellison, SBN 283884
andrew@palaylaw.com
**STRAUSS & PALAY, APC**
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607

Anthony R. Strauss, SBN 72842
ars@strausslawgroup.com
Aris E. Karakalos, SBN 240802
aek@strausslawgroup.com
**STRAUSS LAW GROUP, APC**
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone: (805) 641-9992
Facsimile: (805) 641-9993

Attorneys for Plaintiffs and the Putative Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual; ARTHUR WILLIAMS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IRWIN INDUSTRIES, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-02480 <br><br> *Assigned to: Otis D. Wright II* <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *(Removed from Santa Barbara County Superior Court Case No. 1487049)* <br><br> [Complaint filed: February 17, 2015] <br><br> Date: January 11, 2016 <br> Time: 1:30 p.m. <br> Judge: Hon. Otis D. Wright II <br> Courtroom: 11 |

-1-

**PLEASE TAKE NOTICE THAT** Plaintiffs Carl Curtis and Arthur Williams, on behalf of themselves and all those similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, will respectfully move this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on November 12, 2015. [Docket 29, hereinafter "the Order" or "the Court's Order")].

In the alternative, Plaintiffs move this Court under Rule 52(b) of the Federal Rules of Civil Procedure to make additional findings in its Order. Said motion is scheduled to be heard on Monday, January 11, 2016, in the above-captioned courthouse, in courtroom 11, before the Honorable Otis D. Wright II.

As explained in the accompanying Memorandum of Points and Authorities, the Court's decision was based on a clear error of law.  For this reason, the Plaintiffs respectfully request that (1) this motion be granted; (2) the Order of November 12, 2015 be vacated; and (3) summary judgment be denied.

In the alternative, Plaintiffs request that the Order be clarified for meaningful appellate review by making additional findings.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 3, 2015.

Dated:  December 10, 2015          **STRAUSS & PALAY, APC**


By: _____/s/_____
          Michael A. Strauss, Esq.
          Andrew C. Ellison, Esq.
          *Attorneys for Plaintiffs and the Putative Class*


Dated:  December 10, 2015          **STRAUSS LAW GROUP, APC**


By: _____/s/_____
          Anthony R. Strauss, Esq.
          Aris E. Karakalos, Esq.
          *Attorneys for Plaintiffs and the Putative Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Timeliness of Motion

"On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly". Fed. R. Civ. P. 52(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R.  Civ. P. 59(e).[1]  The 28th day following entry of the Order is December 10, 2015.  Thus, this motion is timely.

### II.    Grounds for FRAP 52(b) and 59(e) Motions

A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Similar to Rule 59(e), one of the purposes of Rule 52(b) is to provide the court an opportunity to correct manifest errors of law or fact.  *Pro Edge L.P. v. Gue*, 377 F.Supp.2d 694, 698 (N.D. Iowa 2005); *Padilla v. Miller*, 143 F.Supp.2d 479, 487 (M.D. Pa. 2001) ("To prevail on a motion to amend ... the movant must show that the motion is necessary to correct manifest errors of law or fact.").

So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion.  *Lockheed Martin Corp.*, 116 F.3d at 112. Although the courts are not required to consider new legal arguments, or mere restatements of old facts or

---

[1] Plaintiffs will wait before filing a potential notice of appeal until a ruling has been made on this particular motion.  Under Federal Rule of Appellate Procedure 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  However, Rule 4(a)(4)(A) lists a number of post-judgment motions that toll the period for filing a notice of appeal, including motions under FRCP 52(b) and 59(e).  Fed. R. App. P. 4(a)(4)(A)(ii), (iv).

1   arguments, the court can and should correct clear errors in order to "preserve the
2   integrity of the final judgment." *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45,
3   50 (D.D.C. 2002).

4   **III.   Relevant Procedural History**

5       On February 17, 2015, Plaintiffs filed suit against Defendant.  On April 1, 2015,
6   Plaintiffs filed a First Amended Complaint ("FAC").  The FAC alleges: (1) minimum
7   wage violations [Labor Code Section 1194, 1197]; (2) pay stub violations [Labor Code
8   Section 226]; (3) unfair competition [Business and Prof. Code Section 17200]; (4)
9   failure to timely pay final wages [Labor Code Section 203]; (5) failure to provide lawful
10  meal and rest periods [Labor Code Sections 226.7, 512]; (6) failure to pay overtime and
11  double-time premium wages [Labor Code Section 510]; and (7) civil penalties under
12  PAGA [Labor Code Sections 2698, et seq.].

13      During their employment Plaintiffs were members of the United Steel, Paper, and
14  Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers
15  International Union, Local 1945 (the "Union"). On behalf of its members, the Union
16  and Defendant entered two Collective Bargaining Agreements ("CBAs"), which
17  provide that "the grievance [process outlined in the Agreement] and arbitration process
18  will be used to settle issues that cannot be resolved through discussion and mutual
19  agreement." [CBA1, Section 13.1; see also, CBA2, Section 14.1].  The Agreements
20  cover wage disputes and state that "[a]ny alleged violation of any applicable wage order
21  shall be resolved exclusively under and in accordance with the procedure for settlement
22  of grievances and disputes set forth in this Agreement." [CBA1, Section 14.11; CBA2,
23  Section 15.11].

24      Defendant moved to dismiss Plaintiffs' FAC on the grounds that: (1) Plaintiffs'
25  claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"); (2)
26  Plaintiffs failed to exhaust their contractual remedies; (3) Plaintiffs are exempt from all
27  California overtime requirements under Labor Code Section 514 and California

28

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT,
OR IN THE ALTERNATIVE,  MAKE ADDITIONAL FINDINGS**

1  Industrial Wage Order No. 16; and (4) Plaintiffs' reliance on state law is misplaced
2  because the instant action is governed exclusively by federal law.

3  Plaintiffs opposed the motion claiming that the OCSLA does not preclude the
4  application of California labor law and that the matter is not subject to arbitration
5  because the Plaintiffs did not specifically waive their statutory claims under either of
6  the relevant Collective Bargaining Agreements (CBA1 and CBA2).

7  **IV.    Manifest Errors of Law and Unresolved Issues**

8  The Court granted Defendants Motion to Dismiss but did not address the
9  applicability of the OSCLA.  The Court's Order did, however, hold that Plaintiffs'
10  claims are preempted by federal law and ordered the parties to proceed to arbitration
11  pursuant to the terms of the CBAs.

12  *A.    Statutory Claims for Minimum Labor Standards are Not Preempted.*

13  This Court's Order does not address the merits of arguments raised by Plaintiffs
14  in their Opposition – namely that the preemptive reach of Section 301 does not extend
15  to "nonnegotiable rights conferred on individual employees as a matter of state law…."
16  E.g., *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994); *Allis-Chalmers Corp. v. Lueck*,
17  472 U.S. 202, 212 (1985) ("it would be inconsistent with congressional intent under that
18  section [301] to preempt state rules that proscribe conduct, or establish rights and
19  obligations, independent of a labor contract.").

20  The U.S. Supreme Court, the Ninth Circuit and California courts have all
21  uniformly held that claims for the violation of California's statutory minimum labor
22  standards – such as the claims alleged herein – are not preempted under Section 301 of
23  the LMRA. See *Livadas*, 512 U.S. at 125; *Balcorta v. Twentieth Century-Fox Film
24  Corp.*, 208 F.3d 1102 (2000) (requiring that discharged employees in the motion picture
25  industry be paid within a specified period of time); *Lujan v. So. Cal. Gas Co.*, 96
26  Cal.App.4th 1200 (2002) (the court found no preemption of overtime claims, despite the
27  fact that the CBA purported to establish and govern the overtime plan).

28

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT,
OR IN THE ALTERNATIVE,  MAKE ADDITIONAL FINDINGS**

1    Under this standard, Plaintiffs' statutory claims are simply not preempted under

2    Section 301.   Nor are they otherwise subject to arbitration because none of the

3    applicable statutes is expressly articulated in the terms of either CBA.

4         B.    *Which Specific Claims are Being Compelled to Arbitration?*

5         The Court's Order does not specifically address which of Plaintiffs' various

6    statutory claims are being compelled to arbitration.   Assuming that this Court intended

7    for all claims be compelled to arbitration, such a finding is a manifest error of law. As

8    highlighted in Plaintiffs' Opposition to Defendant's Motion to Dismiss, the U.S.

9    Supreme Court has held that a court may not infer from a general arbitration agreement

10   that the parties intended to waive the right to litigate a statutorily protected right.

11   *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998).   Any waiver must

12   be "clear and unmistakable."   *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 708 (1983).

13   Courts require a higher showing because "the right to a federal judicial forum is of

14   sufficient importance to be protected against less-than-explicit union waiver" in a

15   collective bargaining agreement. *Wright*, 525 U.S. at 80.

16        Assuming the CBAs apply, the ultimate test is whether the applicable CBA

17   ***expressly*** and ***specifically*** mentions the specific statute at issue.   If so, the dispute is

18   likely subject to arbitration.   *14 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 274 (2009).   If

19   not, the claim proceeds to litigation.   *Id.*; See also, *Martinez v. J. Fletcher Creamer &*

20   *Son, Inc*., CV 10-0968-PSG, 2010 WL 3359372, *5 (C.D. Cal. Aug. 13, 2010)(finding

21   no clear and unmistakable agreement to compel arbitration of Labor Code violations

22   where the incorporated wage order did not explicitly reference the relevant statutory

23   provisions).

24        None of the above-mentioned statutorily-guaranteed claims is ***specifically***

25   referenced in the CBAs so as to warrant them being compelled to arbitration.

26        Moreover, the CBAs are void of any specific reference to California Labor Code

27   Sections so as to warrant a finding that Plaintiffs clearly and unmistakably agreed to

28

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT,
OR IN THE ALTERNATIVE,  MAKE ADDITIONAL FINDINGS**

arbitrate their claims.  With respect to overtime, the CBAs both provide that "when employees work overtime hours as defined by the State of California, a premium on all such hours will be paid by the Company" [CBA1, Section 14.8; CBA2, Section 15.8]. With respect to "paid breaks" the CBAs both provide that "[e]mployees are entitled to paid breaks in accordance with California law and Company policy." [CBA1, Section 14.13; CBA2, Section 15.13].  With respect to "any alleged violation of any applicable wage order" the CBAs both provide that "[t]he parties to this Agreement recognize and agree that Industrial Wage Order 16-2001 covers the Company's operation and recognize the applicability of an incorporate the provisions of Industrial Wage Order 16-2001, or any Industrial Welfare Commission wage order determined to be applicable, to work performed under this Agreement." [CBA1, Section 14.11; CBA2, Section 15.11].

The above provisions make only very general reference to two claims at best – unpaid overtime and unpaid meal breaks.  But even reference in the CBAs to these claims is far too general to satisfy the specificity requirements articulated in *Wright* and *Martinez*.  Again, for arbitration to be compelled, the applicable statute must have been expressly mentioned in the terms of the CBA.  None of the statutes that Plaintiffs' claims fall under are expressly mentioned in the CBAs.  The only provision referenced with specificity in the CBAs is Wage Order 16-2001.  But as expressed in *Martinez* incorporation by reference is too far removed ("one step removed from their alleged incorporation in the CBA") to be considered a "clear and unmistakable" waiver.

## V.   <u>Assuming the Labor Code Claims are Subject to Arbitration, the PAGA Claims Clearly are Not.</u>

This Court should, at a minimum, clarify or make further findings as to how Plaintiffs' PAGA (Private Attorney General Act of 2004) claims are to be handled in light of the fact that the California Supreme Court in *Iskanian v. CLS Transportation Los Angeles LLC*, 59 Cal.4th 348, 360 (2014) held that that representative PAGA

claims are unwaivable under California law.  Are Plaintiffs' PAGA claims also being compelled to arbitration?  Such a finding runs contrary to the law, especially since the CBAs make no reference to the PAGA statute. As *Iskanian* reasoned, waivers of representative PAGA claims are against public policy, because they "disable one of the primary mechanisms for enforcing the Labor Code," and a private agreement may not contravene a law established for a public reason. The PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian,* 59 Cal.4th at 360. Thus, a PAGA claim is a type of government enforcement action where the representative employee acts as the state's proxy. The Ninth Circuit in *Sakkab v. Luxottica Retail North America Inc*., 9th Cir., Case No. 13-55184, recently held (September 28, 2015) that the FAA does not preempt the *Iskanian* rule prohibiting waiver of representative claims under PAGA.

## VI.    Which Parties are Being Ordered to Arbitration Remains Unclear.

During the meet and confer process, it has become clear that Plaintiffs disagree with Defendant regarding which parties are being compelled to arbitration.  Defendants insist that the Union, not the Plaintiffs, is the only entity with standing to initiate arbitration pursuant to the CBAs.  This Court should clarify this point.  In clarifying, Plaintiffs urge the Court to consider the general mistrust of arbitration as an adequate forum for statutory claims as expressed by the Supreme Court in *Alexander v. Gardner-Denver*, 415 U.S. 36, 40-43, 52 (1974) (See also *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 24 (1991); *14 Penn Plaza, LLC, supra*, 556 U.S. 247), especially in the context of unions:

> "It is true, of course, that a union may waive certain statutory rights related to collective activity, such as the right to strike. These rights are conferred on employees collectively to foster the processes of bargaining and properly may be exercised or relinquished by the union as collective-bargaining agent to obtain economic benefits for union members. Title VII, on the

other hand, stands on plainly different ground; it concerns not majoritarian processes, but an individual's right to equal employment opportunities. Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices."

Id. at 51-52.  Since 1974, the Court has extended this same principle to claims under employment statutes. (*Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728,737 (1981) [recognizing the federal policy behind encouraging arbitration where a claim was brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219, but concluding that an employee's specific, substantive rights would be intolerably compromised by mandatory arbitration of claims "arising out of a statute designed to provide minimum substantive guarantees to individual workers"]);

Plaintiffs also remind this Court to take into account the fact that they are no longer members of the Union.  Therefore, if the Union is found to be the only party with standing to pursue claims in arbitration, it would appear to leave Plaintiffs without recourse under the CBAs, or otherwise.

## VII.  The Court's Order Ignores the Procedural Unconscionability of the CBAs.

This Court's Order is entirely silent on the unconscionability issue appearing on the face of the CBAs.  Here, the CBAs limit the statute of limitations for Plaintiffs' claims to 30 days [CBA1, Section 13.4(a)(1); CBA2, Section 14.4(a)(1)].  But this contradicts California law, which otherwise provides for a three-year statute of limitations in most wage claims, and four years for claims under Business and Professions Code Section 17200. Civ. Code § 338; Bus. & Prof. Code § 17208. Moreover, it is unconscionable, as addressed by the Northern District in *Zaborowski v. MHN Government Service, Inc*., 936 F.Supp.2d 1145 (N.D. Cal. 2013), which held that a 180-day statute of limitations for an FLSA claim was substantively unconscionable. Id. at 1153, citing *Armendariz v. Found. Health*, 24 Cal.4th 83 (2000).

Assuming the parties are being compelled to arbitration on all labor code claims, it is difficult to reconcile such a finding with the procedural unconscionability found on the face of the CBAs.

**VIII.   <u>The Court Should Address the Applicability of the OCSLA.</u>**

Assuming this Court amends its Order to find that some or all of Plaintiffs claims are not subject to arbitration, it would warrant an analysis of whether California Labor Code claims are precluded by the Outer Continental Shelf Lands Act ("Lands Act"). Although Plaintiffs briefed this issue extensively in their Opposition to Defendant's Motion to Dismiss, the Court need only look to the first two sections of the Lands Act to recognize that its drafters intended to give the States the power to independently regulate the terms and conditions of employment for their citizens working on the Continental Shelf.

Section 1332, subsection (5), provides: "It is hereby declared to be the policy of the United States that – . . . the rights and responsibilities of all States and, where appropriate, local governments, to preserve and protect their marine, ***human, and coastal environments*** through such means as regulation of land, air, and water uses, of safety, and of related development and activity should be considered and recognized" Section 1331, subsection (i), defines "***human environment***" as "the physical, social, and economic components, conditions, and factors which interactively determine the state, condition, and quality of living conditions, ***<u>employment</u>***, and health of those affected, directly or indirectly, by activities occurring on the outer Continental Shelf" (emphasis added.).

It could not be any clearer that California has a vested right under the Lands Act to regulate the employment conditions of its citizens working on the adjacent oil platforms connected to the Outer Continental Shelf.

//
//
//
//
//

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT,
OR IN THE ALTERNATIVE,  MAKE ADDITIONAL FINDINGS**

## IX.    <u>Conclusion</u>

The Court's Order misconstrues well established principles of law and raises more questions than answers.  For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Alter or Amend the Judgment and vacate its Order, thereby permitting the matter to proceed to trial, or in the alternative, clarify its Order with respect to which claims are being compelled to arbitration, among other issues.


Dated:  December 10, 2015          **STRAUSS & PALAY, APC**


By:   ____/s/_____
            Michael A. Strauss, Esq.
            Andrew C. Ellison, Esq.
            *Attorneys for Plaintiffs and the Putative Class*


Dated:  December 10, 2015          **STRAUSS LAW GROUP, APC**


By:   ____/s/_____
            Anthony R. Strauss, Esq.
            Aris E. Karakalos, Esq.
            *Attorneys for Plaintiffs and the Putative Class*