SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RONALD J. HOLLAND, Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
MATTHEW C. LEWIS, Cal. Bar No. 274758
malewis@sheppardmullin.com
JOHN-PAUL S. DEOL, Cal. Bar No. 284893
jdeol@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

Attorneys for Defendant
IRWIN INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual; ARTHUR WILLIAMS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IRWIN INDUSTRIES, INC. a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. 2:15-cv-02480-ODW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IRWIN INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS** <br><br> **Date:   January 11, 2016** <br> **Courtroom 11** <br> **Time:  1:30 pm** <br> **Judge: Otis D. Wright, II** <br><br> [Complaint Filed: February 17, 2015] |

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION .......................................................................1

II.    BACKGROUND ........................................................................1

III.   ARGUMENT..............................................................................3

     A.     Plaintiffs' Motion is Procedurally Improper...........................3

          1.     Plaintiffs Motion Does Not Comply with Local Rule 7-18. .......3

          2.     Plaintiffs Fail to Meet Their Burden to Demonstrate That the Court Committed a Manifest Error of Law............................4

     B.     The Court Was Correct in Ruling that Plaintiffs' Claims Were Preempted Under Section 301 of the LMRA..........................5

          1.     Plaintiffs' Claims Require Interpretation of the Applicable CBAs. .........................................................................5

          2.     The Court Properly Dismissed Each and Every One of Plaintiffs' Claims. .....................................................7

               a.     Each of Plaintiffs' Substantive Claims Were Properly Dismissed. ...............................................................7

               b.     Plaintiffs' PAGA Claim Was Properly Dismissed............8

     C.     The Court Ordered that the Claims Be Arbitrated Pursuant to the Terms of the CBAs. ...................................................9

     D.     The CBAs Are Not Unconscionable. ..................................11

     E.     Plaintiffs' State Law Claims Have No Force or Effect Under OCSLA And Therefore Fail to State a Claim Upon Which Relief May Be Granted................................................................11

IV.   CONCLUSION .........................................................................12

SMRH:474213037.4     DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

<u>FEDERAL CASES</u>

4

*14 Penn Plaza v. Pyett*

5
    556 U.S. 247 (2009)...................................................................................8

6

*Alexander v. Gardner-Denver*

7
    415 U.S. 36 (1974).................................................................................10

8

*Allis-Chalmers Corp. v. Lueck*

9
    471 U.S. 202 (1985)...............................................................................6

10

*Avco Corp. v. Machinists*
    390 U.S. 557 (1968)...............................................................................5

11

12

*Balcorta v. Twentieth Century-Fox Film Corp.*
    208 F.3d 1102 (9th Cir. 2000)...............................................................5

13

*Barrentine v. Arkansas-Best Freight Sys., Inc.*

14
    450 U.S. 728 (1981).............................................................................10

15

*Carroll v. Nakatani*

16
    342 F.3d 934 (9th Cir. 2003)..................................................................4

17

*Continental Oil Co. v. London S.S. Owners' Mut. Ins. Assoc.*

18
    417 F.2d 1030 (5th Cir. 1969).............................................................11

19

*Costello v. U.S. Gov't*
    765 F. Supp. 1003 (C.D. Cal. 1991).....................................................4

20

21

*Fardig v. Hobby Lobby Stores, Inc.*
    2014 WL 4782618 (C.D. Cal. Aug. 11, 2014)....................................8

22

23

*Gilmer v. Interstate/Johnson Lane Corp.*
    500 U.S. 20 (1991)...............................................................................10

24

*Hayden v. Reickerd*

25
    957 F.2d 1506 (9th Cir. 1991)...............................................................5

26

*Livadas v. Bradshaw*

27
    512 U.S. 107 (1994)...............................................................................6

28

-ii-

## FEDERAL CASES (Cont'd)

*Martinez v. J. Fletcher Creamer & Son, Inc.*
   2010 WL 3359372 (C.D. Cal. Aug. 13, 2010)....................................................8

*Moses H. Cone Hospital v. Mercury Constr. Corp.*
   460 U.S. 1 (1983)...................................................................................10

*Nash v. United Parcel Serv., Inc.*
   2012 WL 1253109 (C.D. Cal. Apr. 13, 2012) .......................................9

*Newberry v. Pacific Racing Ass'n*
   854 F.2d 1142 (9th Cir. 1988).............................................................10

*Sakkab v. Luxottica Retail N. Am., Inc.*
   803 F.3d 425 (9th Cir. 2015)..................................................................9

*United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*
   2011 WL 130335 (W.D. Wash. Jan. 14, 2011)....................................11

*Wright v. Universal Maritime Serv. Corp.*
   525 U.S. 70 (1998)............................................................................7, 8

*Zaborowski v. MHN Government Service, Inc.*
   936 F. Supp 2d 1145 (N.D. Cal. 2013).................................................11

## STATE CASES

*Brockwood v. Bank of America, Nat'l Trust & Savings Ass'n*
   45 Cal. App. 4th 1667 (1996)...............................................................10

*Dep't of Fair Employment & Hous. v. Verizon Cal., Inc.*
   108 Cal. App. 4th 160 (2003)..............................................................6, 7

*Iskanian v. CLS Transp. Los Angeles*
   59 Cal.4th 348 (2014) ...........................................................................8

*Levy v. Skywalker Sound*
   108 Cal. App. 4th 753 (2003).................................................................6

*Melander v. Hughes Aircraft Co.*
   194 Cal. App. 3d 542 (1987)..................................................................9

DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

## FEDERAL STATUTES, RULES, REGULATIONS

29 U.S.C. § 185 ............................................................................................5

Fair Labor Standards Act ...........................................................................10

Federal Arbitration Act ...............................................................................9

Federal Rules of Civil Procedure
    Rule 12 ..............................................................................................4
    Rule 12(b)(6) ............................................................................1, 3, 4
    Rule 52(a)(3) .....................................................................................4
    Rule 52(b) .....................................................................................3, 4
    Rule 56 ..............................................................................................4
    Rule 59(e) .....................................................................................3, 4

Labor Management Relations Act ("LMRA")
    § 301......................................................................................*passim*

Local Rule 7-18 ........................................................................................1, 3

Private Attorneys General Act of 2004 ("PAGA").................................2, 8, 9

## STATE STATUTES, RULES, REGULATIONS

California Labor Code
    § 301..................................................................................................5

California Wage Order 16................................................................................2, 8

## I.    INTRODUCTION

Plaintiffs improperly bring this Motion to Alter or Amend the Judgment, or in the alternative, to Make Additional Findings ("Motion") in an attempt to challenge this Court's reasoned Order Granting Defendant's Motion to Dismiss ("Order"), entered on November 12, 2015.  The Order properly granted Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss").

As a preliminary matter, Plaintiffs' Motion is procedurally improper because it violates Local Rule 7-18.  Local Rule 7-18 allows motions for reconsideration to be filed in only three limited circumstances, none of which are found here.  Even assuming, for the sake of argument, that Plaintiffs do not violate Local Rule 7-18, their Motion will fail because it does nothing more than rehash arguments already made in Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Opposition").

Plaintiffs' Motion will also fail because it fails to challenge in any meaningful way this Court's dismissal of Plaintiffs' claims under Section 301 of the Labor Management Relations Act.  Plaintiffs' argument that the Court was not specific in stating which claims it dismissed is belied by the fact that the Court dismissed and closed the entire case.

Plaintiffs' Motion raises no new law, facts, or issues.  It is a repetitive restatement of the arguments made in their Opposition and already rejected by the Court.  Because the Motion is procedurally improper, raises no new issues, and merely restates already failed arguments, Defendant respectfully requests that the Court summarily deny Plaintiffs' Motion in its entirety.

## II.    BACKGROUND

On February 17, 2015, Plaintiffs, individually and on behalf of all persons similarly situated filed a Complaint in the Superior Court of California, County of Santa Barbara, entitled: *Curtis et al. v. Irwin Industries, Inc., and Does 1 through 100.*

1   In the original Complaint, Plaintiffs alleged the following six causes of action: (1)
2   Minimum Wage Violations; (2) Pay Stub Violations; (3) Unfair Competition; (4)
3   Failure to Timely Pay Final Wages; (5) Failure to Provide Lawful Meal Periods; and
4   (6) Failure to Pay Overtime and Double-time Premium Wages.

5       Defendant timely removed the action to this Court on April 3, 2015. After
6   removing this action, on April 9, 2015 Defendant was served with Plaintiffs' First
7   Amended Complaint ("FAC"), which had been filed in state court on April 1, 2015.
8   In their FAC, Plaintiffs added "rest breaks" to their Fifth Cause of Action and added a
9   Seventh Cause of Action seeking civil penalties under the Private Attorneys General
10  Act of 2004 ("PAGA").

11      As mentioned in Defendant's Motion to Dismiss, at all relevant times during
12  their employment with Defendant, both Plaintiffs—Carl Curtis and Arthur Williams
13  were members of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,
14  Allied Industrial and Service Workers International Union, Local 1945 (the "Union"
15  or "USW"). The terms and conditions of both Plaintiffs' employment were governed
16  by the CBAs between Defendant and USW. The CBAs contain a broad arbitration
17  provision requiring arbitration of any allegation by the Union of violation of "any of
18  the terms of [the agreements]." (Motion to Dismiss, pp. 3-4.) The CBAs also contain
19  a targeted, specific arbitration provision, requiring grievance and arbitration of "[a]ny
20  alleged violation of [Wage Order 16 or] any applicable wage order," thereby aimed
21  directly at Plaintiffs' claims here. (*Id.*)

22      On May 29, 2015, Defendant filed a Motion to Dismiss based on two principal
23  theories: (1) that Plaintiffs' claims were preempted under Section 301 of the LMRA
24  and (2) that Plaintiffs failed to state a claim upon which relief could be granted
25  because, under the Outer Continental Shelf Lands Act ("OCSLA"), state law does not
26  provide a remedy for Plaintiffs, all of whom worked on the Outer Continental Shelf.

27      On November 12, 2015, the Court issued its five-page Order dismissing
28  Plaintiffs' claims in their entirety. The Order stated that Plaintiffs' claims were

preempted under Section 301 of the LMRA, as the Court would have had to "interpret and possibly construct the CBAs." (Order, p. 5.)  As the Court had already dismissed the case on preemption grounds, it did not reach Defendant's OCSLA argument.  A month after the Court issued its Order, on December 10, 2015, Plaintiffs filed this Motion under Fed. R. Civ. P. 59(e) and 52(b) challenging the Court's ruling and attempting to re-litigate the merits of Defendant's Motion to Dismiss.

### III.   ARGUMENT

### A.   Plaintiffs' Motion is Procedurally Improper.

This Court's Order dismissing Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) was clear and unambiguous.  It requires no reconsideration, clarification, or amendment.  Plaintiffs' Motion improperly accuses the Court of committing a "manifest error of law" simply because Plaintiffs are unhappy with the result.  Despite their accusation, Plaintiffs simply rehash the same arguments made in their Opposition to Defendant's Motion to Dismiss.

### 1.   Plaintiffs Motion Does Not Comply with Local Rule 7-18.

As a preliminary matter, Plaintiffs violate Local Rule 7-18 in bringing this Motion.  Local Rule 7-18 governs motions for reconsideration and states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The grounds asserted in the Motion do not fall within any of the provisions of Local Rule 7-18, and thus the Motion is wholly improper.  Plaintiffs do not assert a material difference in fact or law from that which was presented to the Court.  They

-3-

do not assert new material facts or a change of law after the Court's decision.  Finally, they do not assert a manifest failure to consider material facts presented to the Court.  Instead, in clear violation of the Local Rule, Plaintiffs repeat the same arguments they made in opposition Defendant's original Motion to Dismiss.  Plaintiffs' Motion can be denied on this basis alone.

**2.  Plaintiffs Fail to Meet Their Burden to Demonstrate That the Court Committed a Manifest Error of Law.**

Even assuming, for the sake of argument, that Plaintiffs are not barred by the Local Rules from bringing this Motion, the grounds stated do not satisfy Plaintiffs' heavy burden to demonstrate that the Court committed a manifest error of law.  A motion under Fed. R. Civ. P. 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted).  "A motion for reconsideration should not be granted, absent highly unusual circumstances."  *Id.*  Courts avoid considering Rule 59(e) motions where the grounds are restricted to repetitive matters which were before the court on its prior consideration.  *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Here, Plaintiffs have done nothing more than repeat the same arguments made in their opposition to Defendant's Motion to Dismiss.

To the extent Plaintiffs' Motion also requests relief under Fed. R. Civ. P. 52(b), that request is similarly improper.  Under Fed. R. Civ. P. 52(a)(3), federal district courts are "not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."  In ruling on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court went above and beyond its obligations by authoring a five-page order stating its findings and conclusions and explicitly dismissing each and every one of Plaintiffs' claims.  Not satisfied with the Court's effort in going above and beyond its

obligations, Plaintiffs now ask the Court to do something it was never required to do in the first place.

**B.    The Court Was Correct in Ruling that Plaintiffs' Claims Were Preempted Under Section 301 of the LMRA.**

      **1.    Plaintiffs' Claims Require Interpretation of the Applicable CBAs.**

Plaintiffs do nothing more in their moving papers than condense the flawed arguments made in their Opposition to Defendant's Motion to Dismiss. They again argue that Plaintiffs' claims are not preempted by Section 301 of the LMRA because, according to Plaintiffs, claims ostensibly brought under the Labor Code can never be preempted.

For the second time, Plaintiffs ignore Defendant's arguments that their claims require interpretation of the CBAs, and instead proceed as if it is assumed their claims are exclusively statutory causes of action brought under the Labor Code. At no point do Plaintiffs dispute Defendant's arguments that their claims are "founded directly on rights created by," and require interpretation of, the CBAs. *See*, *e.g.*, *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).

Plaintiffs' claims are nothing more than artfully pled claims for breach of a CBA which is subject to preemption under Section 301 of the LMRA. *See* 29 U.S.C. § 185; *Avco Corp. v. Machinists*, 390 U.S. 557, 559–60 (1968) (a claim or cause of action seeking to remedy an alleged violation of a collective bargaining agreement is subject to Section 301 of the LMRA). Accordingly, Plaintiffs' claims are not subject to a court action. *See Avco Corp. v. Machinists,* 390 U.S. 557, 561 (1968) (finding when a claim is preempted by Section 301, an employee's remedy lies within the CBA).

In arguing that Plaintiffs' claims are Labor Code claims that cannot be preempted, they cite the same three cases already mentioned in their Opposition to Defendant's Motion to Dismiss, and more importantly, already considered and cited by the Court in its Order dismissing Plaintiffs' claims. After reviewing *Balcorta v.*

1   *Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000), *Livadas v.*
2   *Bradshaw*, 512 U.S. 107 (1994), and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202
3   (1985), the Court explained that it could not merely "look at" the CBAs, but that it
4   must "interpret and possibly construct [them]." (Order, p. 5.)  The Court's rejection of
5   Plaintiffs' argument, using the same cases they cited in support of their position,
6   could not be clearer.
7        The California Courts of Appeal agree with the Court's analysis here.  For
8   example, in *Levy v. Skywalker Sound*, Levy alleged two claims against his employer
9   for violations of the California Labor Code, one for unpaid wages under Labor Code
10  sections 204, 218, 222, and 223, and another alleging that his employer violated
11  Labor Code section 970 by making misrepresentations to induce him to move from
12  Los Angeles to Marin County for work.  108 Cal. App. 4th 753,768 (2003).  The
13  court held that Levy's statutory claims "[could not] be adjudicated without
14  determining the meaning of the CBA." *Id.* First, Levy's claim for unpaid wages
15  required the court to look to the CBA and side letters to determine whether he was
16  "entitled to receive wages at the union rate." *Id.* at 769. His second claim similarly
17  required interpretation of the CBA to determine whether he was eligible to work in
18  certain areas of Skywalker Sound, given his allegation that the company had made
19  false promises about where at the company he would be eligible to work. *Id.* at 770.
20  The court also held that calculation of the amount of damages, if any, for Skywalker
21  Sound's violation of Labor Code section 970 "would depend on whether or not Levy
22  was entitled to union level wages." *Id.*
23        *Dep't of Fair Employment & Hous. v. Verizon Cal., Inc.*, 108 Cal. App. 4th 160
24  (2003) is similarly on point. The plaintiff in that case, Denise Harris, sued Verizon
25  under the California Family Rights Act alleging that she was not paid for the full
26  twelve weeks of leave to which she claimed entitlement. *Id.* at 163. Verizon's position
27  was that Harris needed to provide a medical report from an orthopedist or neurologist
28  showing total incapacitation. *Id.* It based its position on the following language in the

CBA covering Harris: "Management will reserve the right to investigate any case of disability due to illness, injury or other cause, for which benefits are requested, and in its sole discretion may require an opinion from a physician other than the one in regular attendance, or a statement from the physician in regular attendance and the payment of benefits will be governed by such investigation and opinion." *Id.* at 169-70. The issue in the case was whether that provision of the CBA actually required her to submit a report specifically from an orthopedist or neurologist, which she did not do. *Id.* at 170. The Court of Appeal held that, because the court was required to interpret the meaning and scope of the CBA provision, Harris' statutory claim should have been dismissed by the trial court as it was preempted by the LMRA. *Id.* at 172. California state courts therefore equally agree that claims requiring interpretation of a CBA are preempted by Section 301 of the LMRA.

### 2. The Court Properly Dismissed Each and Every One of Plaintiffs' Claims.

#### a. Each of Plaintiffs' Substantive Claims Were Properly Dismissed.

Plaintiffs strangely take issue with the fact that the Court did not spell out, claim by claim, which causes of action were dismissed, again rehashing the same arguments and same cases cited in their Opposition to the Motion to Dismiss. The Court did not need to spell out each claim because it was obvious that "[all of] Plaintiffs' claims are preempted." (Order, p. 4.)  Nevertheless, Plaintiffs again assert the same argument already rejected by the Court that Section 301 of the LMRA does not preempt their claims because certain Labor Code sections are not explicitly mentioned by code section in the applicable CBAs.  This argument is essentially moot, given that the Court dismissed Plaintiffs' claims because they required interpretation of the CBAs.  Nevertheless, there is no requirement that a particular code section be explicitly mentioned in a CBA to trigger preemption.

None of Plaintiffs' authorities, all of which were already discussed in their Opposition to the Motion to Dismiss, are on point.  Plaintiffs again cite *Wright v.*

1  *Universal Maritime Serv. Corp.*, 525 U.S. 70 (1998), and argue it provides a CBA

2  must expressly and specifically mention the specific statute at issue. But *Wright* does

3  not do so.  *Wright* simply held that the CBA at issue included only a "very general"

4  provision for "arbitration of 'matters under dispute,'" and such a broad provision was

5  not "clear and unmistakable."  *Id.* at 80.  The *Wright* CBA did not contain the type of

6  targeted provisions contained in Defendant's CBAs.

7          Plaintiffs also cite the unpublished case of *Martinez v. J. Fletcher Creamer &*

8  *Son, Inc.*, 2010 WL 3359372 (C.D. Cal. Aug. 13, 2010), for the proposition that

9  incorporation by reference of Wage Order 16 does not constitute a clear and

10  unmistakable agreement to arbitrate statutory disputes.  Plaintiffs misunderstand the

11  applicable California and federal law.  As discussed at length in Defendant's Motion

12  to Dismiss,  Wage Order 16 covers all of Plaintiffs' claims, and the CBAs' arbitration

13  agreement—which incorporates the Wage Order—accordingly requires arbitration of

14  all of Plaintiffs' claims.  (Motion to Dismiss, pp. 11-13.)  Whereas the CBA at issue

15  in *Martinez* only incorporates Wage Order 16, the CBAs here also contained multiple

16  references to California law.  *Martinez* is therefore inapposite.

17              **b.      Plaintiffs' PAGA Claim Was Properly Dismissed.**

18          Plaintiffs argue that, under *Iskanian v. CLS Transp. Los Angeles*, 59 Cal.4th

19  348 (2014), their PAGA claim is not subject to arbitration.  But *Iskanian,* a California

20  Supreme Court decision, is not binding on federal courts.  In *Fardig v. Hobby Lobby*

21  *Stores, Inc.*, 2014 WL 4782618, *4 (C.D. Cal. Aug. 11, 2014), the court noted it was

22  "not bound by the California Supreme Court's understanding of federal law."

23  Further, Plaintiffs' argument would effectively bar a collective bargaining agreement

24  including an agreement to arbitrate state statutory claims—an outcome that is flatly

25  prohibited by the United States Supreme Court. *14 Penn Plaza v. Pyett*, 556 U.S. 247,

26  257 (2009) (approving union's right to enter into an agreement to arbitrate statutory

27

28

1  claims "in a collective bargaining agreement in return for other concessions from the

2  employer").[1]

3  **C.  The Court Ordered that the Claims Be Arbitrated Pursuant to the Terms of the CBAs.**

4

5  Plaintiffs seem to argue that the Court ordered Plaintiffs to arbitrate their

6  claims individually.  It did not.  The Order states, "The Court . . . ORDERS that the

7  parties shall proceed to arbitration *pursuant to the terms of the CBAs*." (Order, p. 5,

8  emphasis added.)  The Court clearly intended that Plaintiffs seek the Union's

9  representation in filing a grievance (and a subsequent request for arbitration, if

10 necessary) *pursuant to the terms of the CBAs*, and not that Plaintiffs proceed directly

11 to filing a demand for arbitration, which is not contemplated under the terms of the

12 CBAs at issue.  As discussed in Defendant's Motion to Dismiss, the CBAs provide

13 only for grievances to be filed by the Union on behalf of an aggrieved employee.

14 (Motion to Dismiss, p. 9.)

15 The case law makes clear that Plaintiffs have no standing to pursue their claims

16 in arbitration directly.  For example, in *Nash v. United Parcel Serv., Inc.*, 2012 WL

17 1253109, at *1 (C.D. Cal. Apr. 13, 2012), the court held that, as a general rule, an

18 employee whose claims are to be arbitrated under a collective bargaining agreement

19 between a union and employer has no standing to bring an action to vacate the

20 arbitration award, since the employee was not a party to the contract under which the

21 arbitration proceeded.  *Id.*  Similarly, in *Melander v. Hughes Aircraft Co.*, 194 Cal.

22 App. 3d 542, 544 (1987), the California Court of Appeal held that "when an

23 _____

24 [1] *Sakkab v. Luxottica Retail N. Am., Inc.,* 803 F.3d 425 (9th Cir. 2015), cited by

25 Plaintiffs in their Motion at p. 6, has no bearing on the merits of Defendant's

26 preemption argument.  *Sakkab* dealt with a PAGA claim as it related to the Federal

27 Arbitration Act, not with regard to Section 301 of the LMRA.  *Id.* at 432.

Furthermore, the case was decided one and a half months before this Court issued its

28 Order.  It is not new law, and the Court was presumably aware of it, but agreed that it was inapposite.

1 employee grievance is arbitrated under the terms of a collective bargaining agreement
2 (CBA) between an employer and a union, the individual employee does not have
3 standing to petition to vacate the award unless the CBA contains a provision
4 expressly giving employees themselves the right to submit disputes to
5 arbitration."  For the same reasons that Plaintiffs would not be able to challenge an
6 arbitration ruling were their claims properly submitted to arbitration by the Union,
7 they cannot arbitrate their own claims without representation by the Union.

8          As to Plaintiffs' argument that there is a "general mistrust of arbitration as an
9 adequate forum" (Motion, p. 6), this is simply not true.  The courts have consistently
10 recognized the broad scope of Section 301 preemption.  "The preemptive force of
11 Section 301 is so powerful that it displaces entirely any state cause of action for
12 violation of a collective bargaining agreement . . . and any state claim whose outcome
13 depends on analysis of the terms of the agreement."  *Newberry v. Pacific Racing*
14 *Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (citing *IBEW v. Hechler*, 481 U.S. 851,
15 859 (1987)).  Under both California and federal law, "any doubts concerning the
16 scope of arbitrable issues should be resolved in favor of arbitration . . . ."  *Moses H.*
17 *Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 26, n. 32 (1983); *Brockwood*
18 *v. Bank of America, Nat'l Trust & Savings Ass'n*, 45 Cal. App. 4th 1667, 1671 (1996).
19 Plaintiffs bear the burden to show that that arbitration of their claims is not
20 appropriate.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).[2]
21
_____

22 [2] Plaintiffs' reliance on *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728
23 (1981), for the proposition that the courts do not trust arbitration for claims involving
24 rights "arising out of a statute designed to provide minimum substantive guarantees"
(Motion, p. 7), misses the crucial point that the Fair Labor Standards Act claims
25 asserted in that case were "independent of the collective-bargaining process."  *Id.* at
26 728.  Here, Plaintiffs' claims involve interpretation of the CBAs and therefore are not
subject to a court action.  Neither *Alexander v. Gardner-Denver*, 415 U.S. 36 (1974),
27 nor *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991), the two other
28 cases cited by Plaintiffs in support of their argument, dealt with claims requiring
interpretation of the CBAs.

1    **D.    The CBAs Are Not Unconscionable.**

2         Plaintiffs repeat their argument that the CBAs' arbitration procedures are

3    unenforceable because they require grievances to be filed within thirty days.  But

4    courts have rejected similar arguments—as Plaintiffs' argument should be rejected.

5    *See United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.,*

6    2011 WL 130335, at *5 (W.D. Wash. Jan. 14, 2011) (seven-day limit on filing

7    grievances is not unconscionable).

8         Plaintiffs' citation to *Zaborowski v. MHN Government Service, Inc.*, 936 F.

9    Supp 2d 1145 (N.D. Cal. 2013), is not on point.  *Zaborowski* dealt with the shortening

10   of the statute of limitations for bringing a claim directly in arbitration.  The grievance

11   procedure is much simpler than bringing a proceeding directly in arbitration.  *See*

12   *United Ass'n Local Union No. 26*, 2011 WL 130335, at *5 (noting that the grievance

13   process is not complex).  Despite Plaintiffs' attempt, they cannot point to any case

14   supporting their contention that the CBAs, negotiated and entered into by the Union,

15   are unconscionable.

16   **E.    Plaintiffs' State Law Claims Have No Force or Effect Under OCSLA And**
     **Therefore Fail to State a Claim Upon Which Relief May Be Granted.**

17

18        The Court's decision not to address the applicability of the OCSLA in its Order

19   is further evidence that all of Plaintiffs' claims were dismissed as preempted under

20   Section 301 of the LMRA.  To the extent Plaintiffs again attempt to argue that state

21   law independently governs the terms and conditions of employment on the Outer

22   Continental Shelf, they are still incorrect.  Under *Continental Oil Co. v. London S.S.*

23   *Owners' Mut. Ins. Assoc.*, 417 F.2d 1030, 1036 (5th Cir. 1969), state law is adopted

24   on the Outer Continental Shelf *only where necessary* "to fill a significant void or gap"

25   in federal law.  *Continental Oil* unequivocally rejected the argument that the OCSLA

26   "exports the whole body of adjacent law onto the Outer Continental Shelf for

27   automatic application to any and all occurrences." *Id.* at 1035.  Plaintiffs cite no case

28   in their Motion contradicting *Continental Oil* or otherwise supporting their argument

1  that California law applies on the Outer Continental Shelf under the circumstances

2  presented in this case.  As such, Plaintiffs have failed to state a claim upon which

3  relief can be granted.

4                              **IV.    CONCLUSION**

5           For all of the foregoing reasons, the Court's Order was unambiguous, correct,

6  and needs no clarification. As such, Defendant respectfully requests that Plaintiffs'

7  Motion be denied in its entirety.  Plaintiffs' Motion merely seeks to draw out this

8  litigation for as long as possible and request that the Court reconsider its reasoned

9  ruling simply because Plaintiffs are unhappy that their case has been dismissed.

10  Plaintiffs cite no new law, facts, or reasons why the Court should modify its Order in

11  any way.  To the extent the Court considers amending its Order, Defendant

12  respectfully requests leave to file additional briefing to further address the substantive

13  merits of Plaintiffs' arguments.

14

15  Dated:  December 21, 2015        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

16                                   By _____/S/_____

17                                        RONALD J. HOLLAND

18                                        ELLEN M. BRONCHETTI
                                          MATTHEW C. LEWIS

19                                        JOHN-PAUL S. DEOL
                                   Attorneys for Defendant, IRWIN INDUSTRIES, INC.

20

21

22

23

24

25

26

27

28