Michael A. Strauss, SBN 246718
mike@palaylaw.com
Andrew C. Ellison, SBN 283884
andrew@palaylaw.com
**STRAUSS & PALAY, APC**
121 North Fir Street, Suite F
Ventura, CA  93001
Telephone:  (805) 641-6600
Facsimile:   (805) 641-6607

Anthony R. Strauss, SBN 72842
ars@strausslawgroup.com
Aris E. Karakalos, SBN 240802
aek@strausslawgroup.com
**STRAUSS LAW GROUP, APC**
121 North Fir Street, Suite F
Ventura, CA  93001
Telephone:  (805) 641-9992
Facsimile:   (805) 641-9993

Attorneys for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual;<br>ARTHUR WILLIAMS, an individual,<br><br>                    Plaintiffs,<br><br>         v.<br><br>IRWIN INDUSTRIES, INC.,<br>a California corporation; and<br>DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.:  2:15-cv-02480<br><br>*Assigned to: Otis D. Wright II*<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS**<br><br>*(Removed from Santa Barbara County Superior Court Case No. 1487049)*<br><br>[Complaint filed:  February 17, 2015]<br><br>Date:       January 11, 2016<br>Time:      1:30 p.m.<br>Judge:     Hon. Otis D. Wright II<br>Courtroom:  11 |

### I. This is a Motion for Amendment and/or Alteration, Not Reconsideration.

Defendant asserts that Plaintiffs ignored Local Rule 7-18 because they re-argued points raised in their original motion papers. This misleading statement is nothing more than an attempt to distract this Court from the issues at hand. Plaintiffs' present motion is not one for reconsideration under Federal Rule of Civil Procedure, Rule 54(b). Rather, it is a motion seeking *clarification* through alteration, amendment or additional findings pursuant to Federal Rule of Civil Procedure, Rules 52(b) and/or 59(e). In no way are Plaintiffs using said motion as a means of delaying an appeal.

Nor have Plaintiffs violated Local Rule 7-18, which prohibits the repeating of any oral or written argument made in support of or in opposition to an original motion. A motion under Rule 59(e) should be granted to correct a **clear error, whether of law or of fact**, and to prevent a manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Similarly, the purposes of Rule 52(b) is to provide the court an opportunity to correct **manifest errors of law** or fact. *Pro Edge L.P. v. Gue*, 377 F.Supp.2d 694, 698 (N.D. Iowa 2005); *Padilla v. Miller*, 143 F.Supp.2d 479, 487 (M.D. Pa. 2001). How can a motion under Rules 52(b) and 59(e) ever comply with Local Rule 7-18, since, at their core, both motions seek to correct what are believed to be errors of law? These errors of law must, by necessity, be expressly revisited in the motion.

Even though this Court may not technically have been required to state findings and conclusions when ruling on Defendant's motion under Rule 12 or 56, it ultimately chose to do so. Unfortunately, Plaintiffs believe that those findings contravene well-established legal principles. They also raise several unanswered questions, thereby necessitating this motion.

### II. Plaintiffs' Claims Are Founded on Rights Independent of the CBAs.

Plaintiffs are confused by Defendant's assertion that "[a]t no point do Plaintiffs dispute Defendant's arguments that their claims are 'founded directly on rights created

-1-
PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS

by,' and require interpretation of, the CBAs (citation omitted)." [Opposition 5:13-16]. This is not true. In fact, this is one of the core arguments raised in Plaintiffs' opposition papers and a central theme in this motion. The Labor Code claims of Plaintiffs undoubtedly arise independently from the language in the CBA. How could they not? Other than general reference to "California law" in random portions of the CBAs, there is no express mention of the specific statutory claims raised by Plaintiffs herein.

It is no surprise that Defendant's opposition fails to address the U.S. Supreme Court's ruling in *14 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 274 (2009), which found that the test for preemption is whether the applicable CBA *expressly* and *specifically* mentions the specific statute at issue. The Court's Order does not appear to specifically address this issue either. This, once again, begs the question – which of Plaintiffs' various statutory claims are being compelled to arbitration if none of them are expressly or specifically mentioned in the CBAs?

Assuming that this Court intended for all claims be compelled to arbitration, such a finding is believed to be a clear error of law. Plaintiffs cannot emphasize this point enough – none of the above-mentioned statutorily-guaranteed claims is *specifically* referenced in the CBAs so as to warrant them being compelled to arbitration. The Plaintiffs never knowingly and willingly waived their right to pursue statutorily-guaranteed Labor Code claims pursuant to CBAs which makes no express mention of such claims. Plaintiffs believe that to find otherwise would undermine the due process rights of Plaintiffs and the other Union members.

Plaintiffs invite this Court to articulate the contractual basis (with citation to the portions of each CBA where the basis exists) for the resolution of the following claims:

- minimum wage violations [Labor Code Section 1194, 1197];
- pay stub violations [Labor Code Section 226];
- unfair competition [Business and Prof. Code Section 17200];
- failure to timely pay final wages [Labor Code Section 203];

-2-
PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS

- failure to provide lawful meal/rest periods [Labor Code Sections 226.7, 512];
- failure to pay overtime and double-time wages [Labor Code Section 510]; and
- civil penalties under PAGA [Labor Code Sections 2698, et seq.].

A close examination of the CBAs will invariably show that there is no contractual basis under either CBA on which an arbitrator can rely to resolve the abovementioned Labor Code claims. Compelling this case to arbitration would effectively deny Plaintiffs the right to pursue the abovementioned statutory claims, none of which were expressly waived under the CBAs.

### III. The General Applicability of the CBAs Does Not Warrant Arbitration.

This Court compelled the matter to arbitration because the CBAs were subject to interpretation. Plaintiffs believe this finding was erroneous. The type of interpretation that is at issue is not the type of contractual interpretation contemplated by the case law.

In *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102 (2000), the Ninth Circuit held that §301 did not preempt claims for the violation of Labor Code §201.5 (requiring that discharged employees in the motion picture industry be paid within a specified time period). Significantly, the *Balcorta* court held §301 inapplicable, despite the fact that the collective bargaining agreement at issue expressly set forth time requirements governing the payment of wages after discharge. *Id.* at 1110. In rejecting the defendant's argument that the claim required interpretation of the collective bargaining agreement, the court held that "whether a violation has occurred is controlled only by the provisions of the state statute and does not turn on whether the payment was timely under the provisions of the collective bargaining agreement." *Id.* at 1111 (citation omitted). *Balcorta* further explained that "[t]he measure of timeliness under §201.5 could not be more plain: once an employee covered by the law is discharged, state law requires payment 'within 24 hours.' On its face, §201.5 requires nothing more than a clock or a calendar to determine the timeliness of Fox's payment – the law does not require us even to refer to the collective bargaining agreement, let

-3-

alone interpret it." *Id*.

In *Lujan v. So. Cal. Gas. Co*., 96 Cal.App.4th 1200 (2002), the California Court of Appeal addressed whether §301 preempted overtime claims. There, the CBA contained an overtime compensation plan for meter readers. The Labor Commissioner sued, alleging that the plan violated California's overtime laws. The defendant employer moved for summary judgment based upon §301 preemption. Noting "that establishment of labor standards falls within the traditional police powers of the state," the court found no preemption, despite the fact that the collective bargaining agreement purported to establish and govern the overtime plan. *Id*. at 1209. "California law provides clear standards regarding rates of overtime pay which establish rights independent of a collective bargaining agreement." *Id*. at 1211.

Here, the Court found that the CBA was subject to interpretation only insofar as to its *general applicability* (whether it covered Plaintiffs contractually), not with respect to Plaintiffs' specific statutory claims. The "need" to interpret the general applicability of the CBAs to Plaintiffs, however, should not warrant compelling their independent statutory claims to arbitration. Whether the CBAs apply to Plaintiffs, for the purposes of compelling the matter to arbitration, is immaterial. Consider both of the following:

*SCENARIO 1* (**The CBAs do not apply to Plaintiffs**)**:** There can be no arbitration of statutory claims or any claims because Plaintiffs are not contractually bound by the CBAs.

*SCENARIO 2* (**The CBAs do apply to Plaintiffs**)**:** By simply "looking at" the CBAs, Plaintiffs' statutory claims cannot be compelled to arbitration because it is clear that none of their Labor Code claims are expressly waived in the CBAs.

Plaintiffs' statutory claims cannot be compelled to arbitration under either scenario.[1]

---

[1] Plaintiffs are willing to concede that the CBAs *__are__* generally applicable to Plaintiffs because such a concession has zero effect on their ultimate rights to pursue their statutorily-guaranteed rights in court – a right that exists independently of these CBAs.

-4-

The cases relied on by Defendants are readily distinguishable. Both *Levy v. Skywalker Sound*, 108 Cal.App.4th 753 (2003) and *Dep't of Fair Employment & Hour. V. Verizon Cal., Inc.*, 108 Cal.App.4th 160 (2003) dealt with nuanced interpretations of specific statutory rights as expressly covered in their respective CBAs. More importantly, they deal with how those statutory rights vested with respect to other terms expressly articulated in the CBA. Neither *Levy* nor *Verizon* dealt with the general applicability of the CBA to the claimants, which appears to be the only issue calling for interpretation herein.

### III. PAGA Claims are Not Subject to Arbitration.

Defendant glosses over this issue in its opposition, presumably because no response adequately suits its needs. *Iskanian v. CLS Transportation Los Angeles LLC*, 59 Cal.4th 348, 360 (2014) held that that representative PAGA claims are unwaivable under California law. As *Iskanian* reasoned, waivers of representative PAGA claims are against public policy, because they "disable one of the primary mechanisms for enforcing the Labor Code," and a private agreement may not contravene a law established for a public reason. The Ninth Circuit in *Sakkab v. Luxottica Retail North America Inc.*, 9th Cir., Case No. 13-55184, recently confirmed that the FAA does not preempt the *Iskanian* rule prohibiting waiver of representative claims under PAGA. Defendant's opposition is noticeably silent on how the ruling in *Sakkab* applies here. This is no coincidence. Plaintiffs respectfully ask this Court to make additional findings on this issue.

### IV. The Court Should Address the Applicability of the OCSLA.

Plaintiffs defer to the arguments raised in their opposition papers with respect to the applicability of the OSCLA. However, Plaintiffs urge this Court to once again take a closer look at the simple language used at the beginning of the Lands Act – in particular Sections 1331 and 1332.

//

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MAKE ADDITIONAL FINDINGS

Section 1332, subsection (5), provides: "It is hereby declared to be the policy of the United States that – . . . the rights and responsibilities of all States and, where appropriate, local governments, to preserve and protect their marine, ***human, and coastal environments*** through such means as regulation of land, air, and water uses, of safety, and of related development and activity should be considered and recognized" Section 1331, subsection (i), defines "***human environment***" as "the physical, social, and economic components, conditions, and factors which interactively determine the state, condition, and quality of living conditions, ***employment***, and health of those affected, directly or indirectly, by activities occurring on the outer Continental Shelf" (emphasis added.). Under this language, the federal government expressly vested each state with the right to regulate the employment conditions of its citizens employed on the adjacent Outer Continental Shelf.

### V. Conclusion

Plaintiffs respectfully request that the Court grant their Motion to Alter or Amend the Judgment and vacate its Order, thereby permitting the matter to proceed to trial, or in the alternative, clarify its Order with respect to which claims are being compelled to arbitration, among other issues.

Dated:  December 28, 2015            **STRAUSS & PALAY, APC**

By:   /s/
   Michael A. Strauss, Esq.
   Andrew C. Ellison, Esq.
   *Attorneys for Plaintiffs and the Putative Class*

Dated:  December 28, 2015            **STRAUSS LAW GROUP, APC**

By:   /s/
   Anthony R. Strauss, Esq.
   Aris E. Karakalos, Esq.
   *Attorneys for Plaintiffs and the Putative Class*