**O**
Previously **JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| CARL CURTIS; ARTHUR WILLIAMS,<br><br>              Plaintiffs,<br><br>     v.<br><br>IRWIN INDUSTRIES, INC.; DOES 1 – 100,<br><br>              Defendants. | Case № 2:15-cv-02480-ODW(Ex)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION [30]** |

## I.    INTRODUCTION

Plaintiffs Carl Curtis and Arthur Williams, former employees of Defendant Irwin Industries, Inc. ("Irwin") filed a First Amended Complaint ("FAC"), alleging wage-and-hour violations. (First Am. Compl., ECF No. 11.)  On May 29, 2015, Irwin filed a Motion to Dismiss, which the Court granted on November 12, 2015. (Mot. to Dismiss, ECF No. 14; Order Granting Irwin's Mot. to Dismiss ("Order"), ECF No. 29.)  The Court found that Plaintiffs' claims were entirely preempted by § 301 of the Labor Management Relations Act ("LMRA") and must therefore be arbitrated pursuant to the terms of the parties' collective bargaining agreements. (Order 5.) Plaintiffs now move the Court under Rule 59(e) and Rule 52(b) to either alter or amend its judgment entered on November 12, 2015, based on what Plaintiffs claim is

a clear error of law in this Court's Order.  (Motion for Reconsideration ("Mot.") 3, ECF No. 30.)  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Reconsideration.[1]

## II.   FACTUAL BACKGROUND

Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated.  (First Am. Compl. ¶ 8.)  The class consists of Irwin's hourly employees who, at any time within four years from the date of filing this action, worked for periods of 24 consecutive hours or more ("Putative Class").  (*Id.*)  The Putative Class represents over 25 persons.  (*Id.*)

Plaintiffs worked on an oil platform off the California coast in shifts that typically lasted seven days.  (*Id.* ¶ 13.)  Plaintiffs allege that they received pay for 12 hours each day, but should have received pay for 24 hours, because they could not reasonably leave the platform during their seven-day shifts.  (*Id.*)

At all relevant times of their employment, Plaintiffs were members of the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local 1945 (the "Union").  (National Master Agreements, ECF No. 14, Exs. 1, 2.)  On behalf of its members, the Union and Irwin entered into two Collective Bargaining Agreements ("CBAs"), which provide that "the grievance [process outlined in the Agreement] and arbitration process will be used to settle issues that cannot be resolved through discussion and mutual agreement."  (*Id.* at 8.)  The CBAs cover wage disputes and state that "[a]ny alleged violation of any applicable wage order shall be resolved exclusively under and in accordance with the procedure for settlement of grievances and disputes set forth in this Agreement."  (*Id.* at 11.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

On February 17, 2015, Plaintiffs filed their original Complaint in the Santa Barbara County Superior Court.  (Compl., ECF No. 1, Ex. A.)  On April 1, 2015, Plaintiffs filed their FAC, alleging: (1) minimum wage violations; (2) pay stub violations; (3) unfair competition; (4) failure to timely pay final wages; (5) failure to provide lawful meal and rest periods; (6) failure to pay overtime and double-time premium wages; and (7) civil penalties under the Private Attorneys General Act of 2004 ("PAGA").[2]   (First Am. Compl. ¶¶ 14–77.)  On April 3, 2015, Irwin timely removed the action to this Court.  (Not. of Removal, ECF No. 1.)

On May 29, 2015, Irwin filed a Motion to Dismiss arguing that: (1) Plaintiffs' claims are preempted under Section 301 of the LMRA; (2) Plaintiffs failed to exhaust their contractual remedies; (3) Plaintiffs are exempt from all California overtime requirements under Labor Code section 514 and California Wage Order No. 16; and (4) Plaintiffs' reliance on state law is misplaced, as it fails to provide a remedy under the Outer Continental Shelf Lands Act ("OCSLA").  (Mot. to Dismiss 4–19.)

On November 12, 2015, the Court issued an Order Granting Irwin's Motion to Dismiss on the grounds that Plaintiffs' claims are entirely preempted under Section 301 of the LMRA.  (Order 5.)  Because the Court dismissed the case on preemption grounds, it did not reach Irwin's other arguments, and instead ordered the parties straight to arbitration.  (*Id.*)  Plaintiffs now move the Court under Rule 59(e) and Rule 52(b) to either alter or amend its judgment, or make additional findings based on what Plaintiffs claim is a clear error of law.  (Mot. 3.)  That Motion is now before the court.

/ / /

/ / /

---

[2] In the FAC, Plaintiffs added failure to provide lawful rest breaks to the fifth cause of action, and a seventh cause of action seeking civil penalties under PAGA.  The original Complaint and FAC are otherwise identical.  (ECF Nos. 1, 11.)

### III.   LEGAL STANDARD

Under Rule 59(e), a party may move to alter or amend a judgment.  Rule 52(b) allows a court to amend its findings and alter judgment accordingly on a party's motion.

The Central District of California Local Rules further elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.  Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

### IV.   DISCUSSION

**A.   Motion for Reconsideration**

Plaintiffs argue in their Rule 59(e) Motion that this Court failed to consider material facts in its Order Granting Irwin's Motion to Dismiss.  (Mot. 3.)  In its Opposition, Irwin argues: (1) that the Court properly determined that Plaintiffs' claims are entirely preempted by § 301 of the LMRA because they require interpretation of the applicable CBAs; and (2) that Plaintiffs improperly bring this Motion, in violation of L.R. 7-18.  (Opp'n to Mot. 3–8, ECF No. 31.)  The Court agrees and finds that Plaintiffs have not presented a valid basis for relief under Federal Rule of Civil Procedure 59(e).

/ / /

/ / /

### 1. LMRA Preemption

In its Order Granting Irwin's Motion to Dismiss, the Court dismissed each of Plaintiffs' claims because they all rely on the terms of the CBAs, thus compelling mandatory federal preemption under the LMRA.  (Order 5.)  Plaintiffs argue here, as they did in their Opposition to Irwin's Motion to Dismiss, that § 301 does not extend to the nonnegotiable rights conferred on individual employees as a matter of state law.  (Mot. 3.)  Specifically, Plaintiffs state that the court failed to consider the material fact that their state-law causes of action involve state-law rights, independent of the CBA.  (*Id.*)  The Court, having considered all relevant arguments in support of and in opposition to the Motion for Reconsideration and the Motion to Dismiss, disagrees with Plaintiffs' characterization.

Section 301 of the LMRA gives federal courts exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  *See Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) ("The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'").  Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes."  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 n.3 (1988).

The Court recognizes that "[d]espite the breadth of § 301 complete preemption, 'not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted.'"  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).  However, "the Supreme Court

has distinguished claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123–26 (1994)). When courts must interpret or construct a labor agreement, the rationale underlying § 301—promoting the arbitration of labor contract disputes—mandates a finding of preemption. *See Balcorta*, 208 F.3d at 1109; *Livadas*, 512 U.S. at 122; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11.

Neither "looking to" the CBA "merely to discern that none of its terms is reasonably in dispute," nor "alleging a hypothetical connection between the claim and the terms of the CBA" is enough to warrant preemption. *Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc), cert. denied 534 U.S. 1078 (2002). Additionally, "[i]f the claim is plainly based on state law, [Section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Id.* at 681; s*ee also Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1060 (9th Cir. 2007) ("[R]eliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'").

Courts have not been entirely uniform in their understanding and application of § 301 preemption. *See Livadas*, 512 U.S. at 124 n. 18. However, the Supreme Court has articulated interpretive principles that lend some guidance. If the plaintiff's claim cannot be resolved without interpreting the applicable CBA—as, for example, in *Allis–Chalmers*, where the suit involved an employer's alleged failure to comport with its contractually established duties—it is preempted. *See also Electrical Workers v. Hechler,* 481 U.S. 851, 861–62 (1987). Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA—as, for example, in

*Lingle*, where the plaintiff was able to litigate her retaliation suit under state law without reference to the CBA—it is not preempted.  *See also Livadas*, 512 U.S. at 124–25.  As such, the plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the claim.

Here, Plaintiffs allege: 1) Minimum Wage Violations; 2) Pay Stub Violations; 3) Unfair Competition; 4) Failure to Timely Pay Final Wages; 5) Failure to Provide Lawful Meal and Rest Periods; 6) Failure to Pay Overtime and Double-time Wages; and 7) Civil Penalties Under PAGA.  (First Am. Compl. ¶¶ 14–77.)  Irwin argues that these claims cannot be adjudicated without interpretation of numerous CBA provisions that govern Plaintiffs' employment, many of which specifically contemplate and provide for pay beyond the typical 12-hour shifts.

Specifically, the CBAs set forth the parties' mutual agreement regarding all issues pertaining to employee wages and rest periods, including pay for overtime, show-up time, excess hours, call-outs, and special shifts.  (National Master Agreements, Ex. 1, pp. 7–12; Ex. 2, pp. 8–14.)  The focus of Plaintiffs' claims is that they are paid for only 12 hours per day while on a platform, but are entitled to be compensated the state-mandated minimum for all hours spent on a platform (an additional 12 hours), based on the allegation that they are under employer control during those times.  (First Am. Compl. ¶¶ 13, 33.)

As discussed above, we may look to a CBA to determine whether a plaintiff's claim necessarily implicates its terms without "interpreting" the agreement, as that word is used in the context of § 301 preemption.  *See Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1409–10 (9th Cir. 1992); *see also Balcorta*, 208 F.3d at 1108.  In doing so, this Court found that the CBAs require more than merely a cursory reading to determine whether they actually apply to Plaintiffs' claims.  Specifically, the Court stated, "Since Plaintiffs dispute the applicability of the CBAs, the Court

cannot simply 'look at' CBA but must interpret and possibly construct the CBAs." (Order 5.)

In *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093 (N.D. Cal. 2014), the Court held that § 301 preempted the plaintiff's claims under CLC § 510 and § 512(a) because determining whether the CBA applied required interpreting the CBA itself. *Id.* at 1096–1100. Here, Plaintiffs similarly contest the applicability of the CBAs, contending that CBA1 only applies to "work locations located throughout California" and CBA2 fails to "clarify whether the oil platforms worked on by Plaintiffs are covered by this agreement." There is a clear dispute between the parties as to whether the CBAs apply to Plaintiffs' claim. Additional interpretation is necessary; merely looking to the CBAs will be insufficient to determine whether the provisions apply. As such, the Court's reasoning stands.

Plaintiffs do not present a material difference in fact or law from that which was initially presented to the Court, do not present new material facts or a change of law after the Court's decision, and do not present a manifest failure of the Court to consider material facts. Instead, in clear violation of Local Rule 7-18, Plaintiffs repeat the same arguments they made in Opposition to Irwin's Motion to Dismiss. As such, Plaintiffs failed to present a valid basis for relief under Rule 59(e), as mere disagreement with the outcome of the motion is not a basis for relief.

A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances." *Id.* Courts avoid considering Rule 59(e) motions where the grounds are restricted to repetitive matters that were before the court on its prior consideration. *Costello v.*

*U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). To the extent Plaintiffs' Motion also requests relief under Rule 52(b), that request is similarly improper.

### 2. PAGA Claims

As the Court clearly stated in its Order, all of Plaintiff's claims are dismissed, but at Plaintiffs' request, it will further elucidate as to why. PAGA allows private litigants to recover penalties for wage and hour violations. *See* CLC § 2699(b). In order to recover penalties under PAGA, however, a plaintiff must first establish a violation of California labor laws. *See* CLC § 2699.5. Because the Court dismissed Plaintiffs' California Labor Code claims, Plaintiffs' PAGA claim is also dismissed.

### 3. Arbitration

Where the Court did err, however, is in ordering the parties to arbitration. Irwin's Motion to Dismiss asked the Court: (1) to dismiss the FAC for failure to make use of the grievance procedure established in the CBAs, *or* (2) to dismiss the FAC as pre-empted by § 301. (Mot. to Dismiss 4–19.) The Court did the latter, dismissed all claims, and ordered the parties to arbitration. (Order 5.) Because the Court dismissed the complaint as pre-empted by § 301, and not for failure to make use of the grievance procedure established in the CBAs, the Court never analyzed the CBAs' arbitration provision, and improperly ordered the parties to arbitration.

/ / /

/ / /

/ / /

### V.    CONCLUSION

Plaintiffs' Motion for Reconsideration is **DENIED** as to the dismissal of all claims and **GRANTED** as to the order for arbitration.  Because federal courts lack subject matter jurisdiction over disputes that are grounded in the CBA, the Court finds that all of Plaintiffs' claims were properly dismissed.  And, because the Court dismissed the complaint as pre-empted by § 301, and not for failure to make use of the grievance procedure established in the CBAs, the Court improperly ordered the parties to arbitration.  The case is hereby dismissed, and the parties not ordered to arbitration.

**IT IS SO ORDERED.**

September 16, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**