MICHAEL A. STRAUSS, Cal. Bar No. 246718
mike@strausslawyers.com
ARIS E. KARAKALOS, Cal Bar No. 240802
aris@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 N. Fir St., Ste F
Ventura, CA 93001
Tel: 805-641-6600; Fax: 805-641-6607

Attorneys for Plaintiffs and the Putative Class

RONALD J. HOLLAND, Cal. Bar No. 148687
rjholland@mwe.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission Street, Suite 5600
San Francisco, California 94105
Tel: 628-218-3800; Fax: 628-877-0107

Attorneys for Defendant
IRWIN INDUSTRIES, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual; ARTHUR WILLIAMS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> IRWIN INDUSTRIES, INC. a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. 2:15-cv-02480 <br><br> **JOINT STATUS REPORT** <br><br> **Judge: Otis D. Wright, II** <br><br> [Complaint Filed: February 17, 2015] |

Plaintiffs Carl Curtis and Arthur Williams ("Plaintiffs") and Defendant Irwin Industries, Inc. ("Defendant") hereby submit the following Joint Status Report pursuant to the Court's Minute Order from May 8, 2019.

## I. STATEMENT OF THE CASE

In early 2015, Plaintiffs Carl Curtis and Arthur Williams (Plaintiffs), former employees of Irwin Industries, Inc. (Irwin) who worked multi-day "hitches" on an oil platform off of the coast of California, brought suit against Irwin in state court on behalf of themselves and all those similarly situated for various alleged violations of the California Labor Code. Their First Amended Complaint set forth the following state law causes of action: (1) Minimum Wage Violations; (2) Paystub Violations; (3) Unfair Competition; (4) Failure to Timely Pay Final Wages; (5) Failure to Provide Lawful Meal Periods; (6) Failure to Pay Overtime and Double-time Premium Wages; and (7) for Civil Penalties under the Private Attorneys General Act of 2004. The Complaint is filed as a class action lawsuit. The putative class consists of "all hourly employees of Irwin Industries, Inc., who, at any time within four years from the date of filing of this lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more."

Irwin removed the action to the Central District of California under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331-1356b (OCSLA), which vests jurisdiction in federal courts over disputes arising out of, or in connection with, drilling operations conducted on the Outer Continental Shelf (OCS). 43 U.S.C. § 1349(b)(1)(A). Irwin then brought a Motion to Dismiss on grounds that (1) Plaintiffs' claims were preempted under Section 301 of the Labor Management Relations Act (LMRA); (2) Plaintiffs failed to exhaust their contractual remedies under the grievance process mandated in the two applicable Collective Bargaining Agreements (CBAs); (3) Irwin was exempt from all California overtime requirements under Labor Code section 514 and California Wage Order No. 16; and

(4) Plaintiffs' reliance on state law was misplaced, as it failed to provide a remedy under the OCSLA.

On November 12, 2015, the District Court granted Irwin's motion, finding that all of Plaintiffs' claims were preempted under Section 301 of the LMRA. The Court also ordered the parties to arbitration under the terms of the CBAs. On reconsideration, the District Court retracted the order compelling arbitration but otherwise did not alter or amend its previous order.

Plaintiffs appealed. The Ninth Circuit affirmed in part and remanded in part. The Ninth Circuit held that Plaintiffs' claim for overtime pay was preempted under Section 301 of the LMRA, but it remanded to the District Court to review meal and rest period and minimum wage claims, as well as derivative claims, and to address issues of preemption under Section 301 and OCSLA.

After issuance of the mandate, the Court directed the parties to submit a joint status report that included proposed briefing schedules and proposed trial and pre-trial dates. The parties filed their joint status report on May 6, 2019. CM/ECF Doc. No. 40.

On May 9, 2019, at the request of the parties in their joint status report, the Court stayed the case pending the decision of the United States Supreme Court in *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881 (2019) (*Parker Drilling*). At issue in *Parker Drilling* was whether California overtime and minimum wage laws apply on oil platforms in federal waters on the Outer Continental Shelf (OCS) off the coast of California. The Court instructed the parties to submit a Joint Status Report no later than 30 days after the Supreme Court issued its decision in *Parker Drilling*.

On June 10, 2019, the Supreme Court held in *Parker Drilling* that state laws do not apply on OCS oil platforms if "federal law addresses the relevant issue." *Id.* at 1886. The Court reasoned as follows: "[T]he question is whether federal law has already addressed the relevant issue; if so, state law addressing the same issue would

necessarily be inconsistent with existing federal law and cannot be adopted as surrogate federal law. Put another way, to the extent federal law applies to a particular issue, state law is inapplicable." *Id.* at 1889. Applying this test, the Supreme Court held that California overtime and minimum wage laws do not apply on OCS platforms because federal law -- the Fair Labor Standards Act, 29 U.S.C. §§ 206 (setting a federal minimum wage) and 207 (setting federal overtime requirements) -- addresses the relevant issues. *Id.* at 1893. The Supreme Court did not assess whether any other state wage-and-hour laws apply on the OCS platforms and remanded the case to the lower court for resolution of that question. *Id.*

The parties now submit this Joint Status Report following the issuance of the *Parker Drilling* decision.

**II. PRINCIPAL ISSUES IN THE CASE**

1. Whether all of Plaintiffs' state law claims and the claims of the putative class are preempted by Section 301 of the Labor Management Relations Act;

2. Whether Plaintiffs' state law claims apply on the OCS platforms on which they performed work, i.e., whether federal law addresses the relevant issues and thereby forecloses the application of such state law claims;

3. Whether Plaintiffs should be granted leave to amend their complaint to clarify that their non-overtime/minimum wage state law claims apply on the OCS platforms on which they performed work because federal laws do not address the relevant issues;

4. Whether Plaintiffs and the putative class will meet the requirements for class certification pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure;

5. Whether Defendants provided Plaintiffs and the putative class a 30-minute meal period for every five-hour work period;

6.  Whether Defendants provided Plaintiffs and the putative class a 10-minute rest period for every four-hour work period;

7.  Whether Defendant willfully failed to pay wages upon termination of employment;

8.  Whether Plaintiffs and the putative class received pay stubs that were compliant with California Labor Code section 226(a);

9.  Whether the acts of Defendant constituted unfair competition in violation of California law;

10. Whether Defendant's conduct was knowing and intentional; and

11. Whether Plaintiffs and the putative class suffered harm.

### III.  DISCOVERY

#### a.  Plaintiffs' proposed discovery schedule.

Plaintiffs intend to conduct written discovery after the Court lifts its stay. Such discovery will include requests for production of documents, interrogatories, and requests for admission. Plaintiffs will propound their first round of discovery within 30 days after the Court lifts the stay.

Plaintiffs will additionally conduct depositions of Irwin's persons most knowledgeable concerning the payment of wages and working conditions (and other related issues). Such discovery will be necessary to support Plaintiffs' motion for class certification. Plaintiffs will set the depositions after receiving substantive responses to their first round of written discovery, likely within 90 days after the Court lifts the current stay.

In the event the Court grants Plaintiffs' intended motion for conditional certification of their FLSA claim under 29 U.S.C. § 216(b), which is a claim they intend to add to their complaint, Plaintiffs will seek the personnel files and wage-payment information for the members of the FLSA collective action. Such discovery will happen within 30 days of the Court's granting of the motion for conditional certification.

In the event the Court grants Plaintiffs intended motion for class certification under FRCP 23, Plaintiffs will seek (to the extent it is not provided ahead of time) the personnel files and wage-payment information for the members of the certified class. Such discovery will happen within 30 days of the end of the opt-out period following the granting of the motion for class certification.

After collective and/or class certification, Plaintiffs will conduct class-wide discovery relative to liability and damages. Such discovery will likely include expert testimony as to damages. Plaintiffs will conclude such discovery prior to the discovery cutoff.

Plaintiffs propose a non-expert discovery cutoff of September 24, 2020.

### b. Defendant's proposed discovery schedule.

Defendant believes no discovery is necessary until this Court determines if the USSC's decision in *Parker Drilling* requires dismissal of all claims in this lawsuit or whether further Section 301 preemption analysis is required. It is unclear if further briefing is necessary but if so, Defendant suggests the court set a new briefing schedule in light of both the remand and the intervening USSC decision in the *Parker Drilling* matter.

## IV. MOTIONS

### a. Plaintiffs' anticipated motions and schedule.

#### i. Motion for leave to amend complaint.

After the Ninth Circuit issued its decision in this case, wherein it affirmed the Court's dismissal of the Plaintiffs' state law overtime claims but remanded the case for further proceedings, the Plaintiffs' First Amended Complaint was revived, minus the overtime claims. The Court had not yet addressed the remand instructions of the Ninth Circuit, i.e., "to review [Plaintiffs'] meal and rest period and minimum wage claims, as well as the four derivative claims." Opinion at 16-17. Now that *Parker Drilling* has been issued, the Court can now review Plaintiffs' remaining claims. However, Plaintiffs request leave to amend their complaint

before the Court does so.  Specifically, Plaintiffs will amend their complaint to dismiss their California minimum wage (and derivative) claims (because *Parker Drilling* controls and holds that such claims may not be brought) and to clarify that their remaining state law claims are not predicated on any state laws about which federal law addresses the relevant issue(s).  Plaintiffs also intend to amend their complaint to assert a claim under the FLSA that is based on substantially the same predicate facts as their state law overtime claim.  It is only after the pleadings are closed that the Court should address any motion by Irwin for judgment on the pleadings or motion for summary judgment.  Plaintiffs will file their motion for leave to amend their complaint (in the event Defendant does not stipulate to allow the amendment) within 30 days after the Court lifts the instant stay in this case.  Defendant will oppose any effort of Plaintiff to amend its complaint.

### ii. Motion for conditional certification under 29 U.S.C. § 216(b).

Once Plaintiffs amend their complaint to add an FLSA overtime claim, they will move for conditional certification under 29 U.S.C. § 216(b).  The FLSA provides that an action to recover "unpaid overtime compensation ... may be maintained against any employer ... by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Courts in the Ninth Circuit use an ad hoc, two-step approach to determine whether plaintiffs are "similarly situated."  *Saleh v. Valbin Corp.*, 297 F. Supp. 3d 1025, 1028 (N.D. Cal. 2017).  "Under the two-tiered approach, the court first makes an initial 'notice stage' determination of whether potential opt-in plaintiffs exist who are similarly situated to the representative plaintiffs, and thus whether a collective action should be certified for the purpose of sending notice of the action to potential collective action participants."  *Id.* at 1029.  For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan."  *Thiessen*

*v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  As for the second step, "[o]nce discovery is complete, and the case is ready to be tried, the party opposing collective action certification may move to decertify the collective action." *Saleh*, 297 F. Supp. 3d at 1030.  Plaintiffs intend to file their first-step motion for conditional certification under 29 U.S.C. § 216(b) within 60 days of the amendment of their complaint to add the FLSA cause of action.

### iii. Motion for class certification under FRCP 23.

Plaintiffs will then move for class certification under Federal Rule of Civil Procedure 23.  Plaintiffs will make such a motion with respect to their state law claims under the Labor Code, to the extent required by federal law.  Plaintiffs anticipate filing this motion within 120 days following the amendment of their complaint.

### iv. Plaintiffs' proposed motion cut-off date.

Plaintiffs propose a dispositive motion cut-off date of November 23, 2020.

### b. Defendant's anticipated motions and schedule.

Defendant proposes a dispositive motion cut-off date of November 23, 2020 however, as set forth above, requests that the Court determine if the USSC's decision in *Parker Drilling* requires dismissal of all claims in this lawsuit or whether further Section 301 preemption analysis is required.  It is unclear if further briefing is necessary but if so, Defendant suggests the court set a new briefing schedule in light of both the remand and the intervening USSC decision in the *Parker Drilling* matter prior to any discovery taking place.

## V. SETTLEMENT

The parties have had preliminary discussions regarding potential resolution but have determined that further proceedings are necessary prior to pursuing settlement discussions in earnest.  The parties agree to utilize either Alternative No. 1, a magistrate or district judge (Local Rule 16-15.4(1)) or Alternative No. 3, private mediation (Local Rule 16-15.4(3)).

## VI. TRIAL ESTIMATE

At this time, it is premature to estimate a time for Trial. In the event this class is not disposed of on dispositive motion, the Parties expect that trial of certified class claims will take an estimated 30 court days. If the class is not certified, trial in this matter is estimated to take 10 court days. The parties agree that the trial should be bifurcated into 2 phases. The first phase shall be regarding liability and the second will be regarding damages. At this time, Plaintiffs and Defendant request a jury trial.

Plaintiffs and Defendant propose a final pre-trial conference date of February 1, 2021 and a trial date of February 21, 2021.

## VII. TRIAL COUNSEL

Plaintiffs:   Michael A. Strauss and Aris E. Karakalos of Strauss & Strauss APC, and Anthony R. Strauss of Strauss Law Group, APC.

Defendant:   Ronald J. Holland and Ellen M. Bronchetti, McDermott Will & Emery LLP.

## VIII. OTHER ISSUES

Plaintiffs do not anticipate the addition of any other parties. The Parties are not aware of any other issues that need to be brought to the Court's attention at this time.

## IX. PROPOSED DATES

| Event | Plaintiffs' Proposal | Defendant's Proposal |
| --- | --- | --- |
| Discovery Cut-Off | 9/24/2020 | 9/24/2020* |
| Expert Disc. Cut-Off | 11/9/2020 | 11/9/2020* |
| Dispositive Motion Cut-Off | 11/23/2020 | 11/23/2020* |
| Final Pre-Trial Conference | 2/22/2021 | 2/1/2021* |
| Trial | 2/22/2021 | 2/22/2021* |

*Defendant believes it is premature toset any of the above dates until after the Court determines the effect of the remand order in light of the *Parker Drilling* decision.

DATED: July 10, 2019              **STRAUSS & STRAUSS, APC**

                                           By:  /s/
                                                MICHAEL A. STRAUSS
                                                ARIS E. KARAKALOS

                                           Attorneys for Plaintiffs and the Putative Class

DATED:  July 10, 2019             **MCDERMOTT WILL & EMERY**

                                           By  /s/
                                                RONALD J. HOLLAND
                                                ELLEN M. BRONCHETTI

                                           Attorneys for Defendant Irwin Industries, Inc.

**Local Rule 5-4.3.4 Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all of the signatories listed above concur in this filing's contents and have authorized the filing of this document and the proposed Order filed herewith.

DATED:  July 10, 2019

**MCDERMOTT WILL & EMERY**

By /s/
RONALD J. HOLLAND
ELLEN M. BRONCHETTI