# United States District Court
# Central District of California

| | |
|---|---|
| CARL CURTIS; ARTHUR WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>IRWIN INDUSTRIES, INC.;<br>DOES 1–100,<br><br>Defendants. | Case № 2:15-cv-02480-ODW (Ex)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND [44]** |

## I. INTRODUCTION

Plaintiffs Carl Curtis and Arthur Williams ("Plaintiffs") move for leave to file a second amended complaint ("SAC") in this wage and hour class action). (Mot. for Leave to File SAC ("Mot."), ECF No. 44.) Plaintiffs' motion for leave to file a SAC ("Motion") follows remand in part from the Ninth Circuit and an intervening clarification in law as articulated by the Supreme Court in *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881 (2019). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiffs are former employees of Irwin Industries, Inc. ("Defendant"). (First Am. Compl. ("FAC") ¶ 12, ECF No. 11-1.) Defendant employed both Plaintiffs prior to approximately April 7, 2014. (FAC ¶ 12.) Both Plaintiffs worked on an oil platform off the California coast, working shifts typically lasting seven days. (FAC ¶ 13.) Plaintiffs allege that they received pay for twelve hours each day but could not reasonably leave the platform during their seven-day shifts. (FAC ¶ 13.) Thus, in February 2015, Plaintiffs initiated this wage and hour putative class action. (Notice of Removal ¶ 1, ECF No. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on April 1, 2015. (Notice re: Filing of FAC ¶ 2, ECF No. 11.)

In their FAC, Plaintiffs assert claims under California law, individually and on behalf of a putative class, for (1) Minimum Wage Violations; (2) Pay Stub Violations; (3) Unfair Competition; (4) Failure to Timely Pay Wages at Termination; (5) Failure to Provide Lawful Meal and Rest Periods; (6) Failure to Pay Overtime and Doubletime Premium Wages; and (7) Civil Penalties under the Private Attorneys General Act ("PAGA"). (FAC ¶¶ 14–77.) Plaintiffs defined the class to include Defendant's hourly employees who, at any time within four years from the date of filing this action, worked on oil platforms off of the California coast for periods of twenty-four consecutive hours or more. (FAC ¶ 8.)

On November 12, 2015, the Court granted Defendant's motion to dismiss the FAC. (Order Granting Mot. to Dismiss 5, ECF No. 29.) The Court found Plaintiffs' claims preempted by § 301 of the Labor Management Relations Act ("LMRA") because they required interpretation of collective bargaining agreements ("CBA") entered into between the parties, granted Defendant's motion to dismiss, and ordered the parties to arbitration pursuant to the terms of the CBAs. (Order Granting Mot. to Dismiss 5.) The Court subsequently granted in part Plaintiffs' motion for reconsideration, affirming dismissal of all claims but withdrawing the portion of the

order compelling the parties to arbitration. (Order Granting In Part Mot. for Recons. 10, ECF No. 34.) Plaintiffs appealed. (Notice of Appeal, ECF No. 35.)

**A.     Ninth Circuit Appeal**

On January 25, 2019, the Ninth Circuit affirmed in part and remanded the case in part. (Op. 17, ECF No. 37.) The Ninth Circuit affirmed the Court's finding that Plaintiffs' overtime claim was preempted under § 301 of the LMRA, because the CBA terms triggered the exemption under California Labor Code section 514. (Op. 15.) The Ninth Circuit remanded Plaintiffs' remaining meal and rest period and minimum wage claims, along with the four derivative claims (pay stubs, unfair business practices, final wages, and PAGA) because issues of preemption under both § 301 of the LMRA and the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.*, remained. (Op. 15–17.) The Ninth Circuit denied Plaintiffs' petition for panel rehearing and issued the Mandate on March 15, 2019. (Mandate, ECF No. 38; *see also* Mot. 4.)

Following the Ninth Circuit's Mandate, the Court stayed the matter pending the Supreme Court's decision in *Parker Drilling*, which addressed whether federal law (pursuant to the OCSLA) or California law applies to Plaintiffs' claims, an issue the parties recognized as potentially dispositive on remand. (Order Staying Case, ECF No. 41; *see* Status Report 4, ECF No. 40.)

**B.     *Parker Drilling***

On June 10, 2019, the Supreme Court issued its decision in *Parker Drilling*. 139 S. Ct. 1881. The Court addressed whether federal law or California law applies to wage and hour claims made by employees who work on drilling platforms off the coast of California, on the Outer Continental Shelf ("OCS"). *Id.* at 1886. The Court noted "[u]nder the OCSLA, all law on the OCS is federal law, administered by federal officials." *Id.* "The OCSLA denies States any interest in or jurisdiction over the OCS, and it deems the adjacent State's laws to be federal law '[t]o the extent that they are applicable and not inconsistent with' other federal law." *Id.* (citing 43 U.S.C.

§ 1333(a)(2)(A)). Interpreting that statutory language, the Court concluded that "[a]ll law on the OCS is federal, and state law serves a supporting role, to be adopted only where there is a gap in federal law's coverage." *Id.* at 1892. Thus, "if federal law addresses the issue at hand, then state law is not adopted as federal law on the OCS." *Id.*

Applying this standard, the Court found the plaintiff's wage and hour claims "premised on the adoption of California law requiring payment for all time that [the plaintiff] spent on standby" were "already addresse[d]" by federal law under the Fair Labor Standards Act ("FLSA"). *Id.* at 1893. "Likewise, to the extent [the plaintiff's] OCS-based claims rely on the adoption of the California minimum wage . . . the FLSA already provides for a minimum wage . . . so the California minimum wage does not apply." *Id.* (citations omitted). Thus, those California laws were unavailable on the OCS and the plaintiff's California overtime and minimum wage claims failed. As the plaintiff's other California wage and hour claims had not been analyzed by lower courts or in the parties' briefing, the Court did not specifically address them and remanded the matter to the lower court. *Id.*

### C. Plaintiffs' Motion to Amend

Following the decision in *Parker Drilling*, the Court permitted Plaintiffs to move for leave to file an amended complaint. (Min. Order, ECF No. 43.) Accordingly, on August 19, 2019, Plaintiffs filed this Motion. (*See* Mot.)

Plaintiffs contend that "*Parker Drilling* only negatively impacts Plaintiffs' claims for California overtime/double-time and minimum wage violations" and that "Plaintiffs' other claims (meal breaks, rest breaks, paystub, waiting-time penalties, unfair competition and PAGA)" should survive. (Mot. 5.) Further, Plaintiffs argue that "while Plaintiffs' overtime claims under California law are no longer viable, [Plaintiffs] should be granted leave to assert overtime claims under the FLSA." (Mot. 5.)

Defendant opposes Plaintiffs' Motion. (Opp'n to Mot. ("Opp'n"), ECF No. 45.) Defendant argues that Plaintiffs are merely attempting to assert claims that they strategically elected not to raise back in 2015 and this constitutes a bad faith tactical measure that will prejudice Defendant and cause undue delay. (Opp'n 1–2.) Defendant contends Plaintiffs' proposed amendment is futile because (1) the FLSA claim is time-barred and does not relate back to the original Complaint and (2) *Parker Drilling* requires dismissal of Plaintiffs' remaining state law claims. (Opp'n 2.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The decision whether to grant leave to amend rests in the sound discretion of the district court. *California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). Courts should freely grant leave to amend absent special circumstances, such as: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing the amendment carries the burden of showing why leave to amend should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987).

### IV. DISCUSSION

Plaintiffs seek to add an FLSA overtime claim, remove their California minimum wage and overtime claims, and "clarify[] the basis" of the remaining state law claims. (Notice of Mot. 2, ECF No. 44.)

**A. FLSA Claim**

Defendant argues Plaintiffs' proposed FLSA claim is futile as it is time-barred and does not relate back to the date of the original complaint. (Opp'n 6–8.)

An FLSA action must be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years" of accrual. 29 U.S.C. § 255(a). An FLSA action commences "on the date when the complaint is filed, if [the individual claimant] is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." *Id.* § 256(a) (emphasis added). "[I]f such written consent was not so filed . . . [the action commences] on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.* § 256(b); *see also Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1155 (E.D. Cal. 2007) ("When a 'collective action' is filed under § 216(b) all plaintiffs, including named plaintiffs are required to file a consent to suit form with the court in which the action is brought.").

Plaintiffs here allege their employment with Defendant ended approximately April 7, 2014. (FAC ¶ 12.) Accordingly, assuming willful violations, the latest Plaintiffs could have commenced an FLSA action was April 7, 2017. Plaintiffs sought leave to amend and file the SAC on August 19, 2019, more than two years beyond the statute of limitations. More importantly, Plaintiffs have not filed, and do not point the Court to, a written consent from either Plaintiff Curtis or Plaintiff Williams. (*See generally* Mot.) As such, Plaintiffs' FLSA claim is time barred.

Plaintiffs argue the relation back doctrine saves their FLSA claim, relating it back to the date of filing of the original complaint.[2] (Mot. 13–14.) However, the relation-back doctrine does not apply to FLSA collective actions. As noted above, the FLSA by its express terms, provides that an action is commenced only when *both* the complaint *and* the party's written consent are filed. 29 U.S.C. § 256. A complaint filed without a written consent is not "commenced" until the date "such written

---

[2] The relation-back doctrine provides that an "otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." *ARASCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2004).

consent is filed," and "every such action shall be forever barred unless commenced within" the applicable statute of limitations period. *Id.* §§ 255(a), 256(b).

Plaintiffs have not filed written consent, and even if they had done so in July 2019 when they first indicated a desire to add an FLSA claim (*see* Status Report 5, ECF No. 42), the consent would be two years too late and would not, itself, relate back to the original complaint. *See* 29 U.S.C. § 256(b). Indeed, courts routinely reject application of the relation-back doctrine to FLSA actions. *See, e.g.*, *Lemus v. Denny's Inc.*, No. 10-cv-2061-CAB (WVG), 2014 WL 12772284, at *4 (S.D. Cal. July 14, 2014) ("Here, it is undisputed that [p]laintiff has not filed a written consent. Moreover, even if he were to file a written consent now, almost four years after the filing of the original complaint, it would not 'relate back' to the filing of the original pleading."); *Cancilla v. Ecolab, Inc.*, No. C 12-03001 CRB, 2013 WL 1365939, at *3 n.5 (N.D. Cal. Apr. 3, 2013) ("collective action claims 'cannot be rescued by the "relation back" doctrine'").

What is more, District Courts in California have recently prohibited time-barred FLSA collective action plaintiffs, who, like Plaintiffs, worked on oil platforms off the coast of California, from employing the relation-back doctrine for the same reasons discussed here. *See Newton v. Parker Drilling Mgmt. Servs., Inc.*, No. 71 CV 15-02517-RGK (AGRx) (C.D. Cal. Jan. 29, 2020) ("*Newton*"); *Mauia v. Petrochem Insulation, Inc.*, No. 18-cv-01815-TSH, 2020 WL 264669, at *7–8 (N.D. Cal. Jan. 16, 2020); *Hockinson v. Baker Hughes Oilfield Operations, Inc.*, No. 19-cv-07949 PA (FFMx), 2019 U.S. Dist. LEXIS 187704, at *16 (C.D. Cal. Oct. 25, 2019) ("[T]he relation-back doctrine does not apply to FLSA collective actions."). This Court reaches the same conclusion here.

An FLSA plaintiff is procedurally unable to claim the relation back doctrine to overcome the time-bar set by the statute of limitations. As such, Plaintiffs may not claim relation-back to save their FLSA claim. As Plaintiffs have not filed a written consent and the time for commencing an FLSA action elapsed in April 2017,

Plaintiffs' FLSA claim is time barred and amendment would be futile. Accordingly, the Court **DENIES** Plaintiffs' Motion to add an FLSA claim.

B.  **State Law Claims**

Plaintiffs also seek leave to amend to remove their California minimum wage and overtime claims and to "clarify[]" the remaining claims. (Notice of Mot. 2; *see* Mot. 5.) "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

First, the Ninth Circuit previously affirmed dismissal of Plaintiffs' California overtime claim. (Op. 15.) Accordingly, that claim is dead. Second, *Parker Drilling* expressly held that the FLSA addresses overtime and minimum wages and leaves no gap for California law, thereby barring Plaintiffs' California overtime and minimum wage claims as a matter of law. *Parker Drilling*, 139 S. Ct. at 1893. Defendant argues that Plaintiffs' minimum wage claim must be dismissed in light of *Parker Drilling*. (Opp'n 3 n.2.) Plaintiffs concede as much. (*See* Mot. 5 ("*Parker Drilling* . . . negatively impacts Plaintiffs' claims for California overtime/doubletime and minimum wage violations.").) Accordingly, the Court **DISMISSES** Plaintiffs' minimum wage claim.

Next, Plaintiffs seek leave to "clarify[]" the remaining state law claims in light of *Parker Drilling*. (Mot. 14; Decl. Aris E. Karakalos Ex. B ("Proposed SAC Redline") ¶¶ 21, 31–84, ECF No. 44-3.) With respect those claims, the parties focus on futility and do not directly address the other factors of undue delay, bad faith, failure to cure, or undue prejudice. (*See* Mot. 14; Opp'n 9; Reply 9–10, ECF No. 46.) Nevertheless, the Court finds no undue delay or dilatory tactics in Plaintiffs' seeking leave to clarify the allegations underlying their remaining state law claims. Although Plaintiffs admit they allege no new facts (Reply 1), they seek to amend in light of an intervening clarification of federal law, and did so as soon as procedurally practicable following remand from the Ninth Circuit.

Turning to prejudice, it is "prejudice to the opposing party that carries the greatest weight" when evaluating leave to amend. *Eminence*, 316 F.3d at 1052. Here, discovery is stayed and no trial date has been set, so the action is still in the early procedural stages. Defendant concedes that "[t]he allegations [supporting the remaining state law claims] in Plaintiffs' proposed SAC remain largely unchanged from their FAC." (Opp'n 9.) Thus, Defendant will not suffer prejudice from the grant of this minimal amendment. On the other hand, Plaintiffs acknowledge that, "whether the Court permits the requested amendments, the state law claims in the FAC will remain intact." (Reply 9.) Thus, although prejudice to the opposing party is the focus, Plaintiffs also will not suffer prejudice from denial of amendment on this issue. Therefore, the prejudice factor is neutral.

Finally, as to futility, Plaintiffs argue that amendment of their remaining state law claims is not futile because those claims should survive *Parker Drilling*. (*See* Mot. 5, 14.) Defendant disagrees and contends that, under *Parker Drilling*, amendment of Plaintiffs' remaining state law claims is futile because the FLSA addresses the relevant issues, so California law is not adopted on the OCS and Plaintiffs' state law claims fail. (Opp'n 9.)

Following *Parker Drilling*, courts in the Central District have found that state law claims like Plaintiffs' fail as a matter of law because the FLSA sufficiently addresses the relevant issues. *See Newton*, No. 57 CV 15-02517-RGK (AGRx) (C.D. Cal. Nov. 7, 2019) (claims under California law failed for violations of meal and rest breaks, pay stubs, unfair competition, final wages, and PAGA because the FLSA sufficiently addresses the relevant issues); *Hockinson*, 2019 U.S. Dist. LEXIS 187704, at *9–15 (same); *Jensen v. Safety Equip. Corp.*, No. 18-cv-02890-RGK (GJSx), 2019 WL 4942052, at *2–4 (C.D. Cal. Sept. 4, 2019) (same); *but see Mauia*, 2020 WL 264669, at *3–6 (Northern District of California finding that California final wages claim failed but California meal and rest break claims survive). The Court finds the reasoning in *Newton*, *Hockinson*, and *Jensen* persuasive and is inclined to find that

Plaintiffs' remaining state law claims fail as a matter of law. However, Plaintiffs compellingly argue that whether their remaining state law claims survive *Parker Drilling* is more appropriately resolved on a motion to dismiss or motion for judgment on the pleadings. (Reply 9–10.) As the parties have not had the opportunity to brief the effect of *Parker Drilling* on Plaintiffs' remaining state law claims, the Court declines to address the claims' viability at this time.

On balance, the Court finds that Defendant has not satisfied its burden to show that amendment of Plaintiffs' remaining state law claims should not be granted. Accordingly, Plaintiffs may file a SAC amending only their remaining state law claims. **Any amendment strictly beyond the scope herein permitted is subject to strike.**

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to File a SAC. (ECF No. 44.) Within five (5) court days of the date of this Order, Plaintiffs shall file a SAC, amended as permitted herein. Defendant may file a motion to dismiss or similar motion within twenty-one (21) calendar days of the date of Plaintiffs' filing the SAC. Should Defendant not file such a motion, the parties shall file a renewed joint status report within thirty (30) calendar days of the date of Plaintiffs' SAC.

**IT IS SO ORDERED.**

February 11, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**