NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

O
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CURTIS, an individual; ARTHUR WILLIAMS, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>IRWIN INDUSTRIES, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br>Defendants. | Case No.: 2:15-cv-02480-ODW (Ex) <br><br>CLASS ACTION <br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT, ATTORNEYS' FEES, AND SERVICE AWARD [68]** <br><br>Date: April 12, 2021 <br>Time: 1:30 p.m. <br>Place: Courtroom 5D, 5th Floor <br>350 West 1st St. <br>Los Angeles, CA 90012 |

  Before the Court is the Plaintiffs' Motion for Final Approval of Class Action Settlement and Judgment, Attorneys' Fees and Service Award.

  Plaintiffs Carl Curtis and Arthur Williams ("Plaintiffs") and Defendant Irwin Industries, Inc. ("Defendants") executed a Stipulation of Settlement and Release on May 15, 2020 ("Settlement").

On December 2, 2020, this Court entered an Order: (i) provisionally certifying a Settlement Class consisting of "All current and former non-exempt employees who, at any time between February 17, 2011 through preliminary approval who worked on oil platforms off of the California coast for shifts of 12 hours or more." under Federal Rule of Civil Procedure 23(a)-(b); (ii) preliminarily approving the proposed Settlement as fair, reasonable, and adequate; (iii) directing the parties to notify the Certified Class of the contemplated Settlement with the option of excluding themselves; and (iv) scheduling a final fairness hearing to determine whether the Settlement should be finally approved. [CM/ECF Docket No. 65].

The final fairness hearing was held on April 12, 2021. The Court, having heard all persons properly appearing and timely requesting to be heard, having considered the Settlement and the papers submitted in support thereof, and having considered the oral presentations of counsel and all applicable law, concludes that the Settlement is fair, reasonable, and adequate, and should be finally approved; that Class Counsel should be awarded **$112,000** in attorneys' fees sought, and **$2,686.47** in costs incurred; that Plaintiffs Carl Curtis and Arthur Williams should be awarded a Service Award of **$5,000, each**, for their efforts in securing this Settlement; and that CPT Group, Inc. should be awarded **$12,000** for their costs in administering this Settlement.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Judgment incorporates by reference the definitions in the Settlement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Certified Class.

3. All Parties are bound by this Final Judgment and Order of Dismissal with Prejudice and by the Settlement.

4. The parties shall comply with the terms and conditions of the Settlement and of the Final Approval Order.

5. Defendant Irwin Industries, Inc. shall pay the Settlement funds through the procedure described in the Settlement.

6. The Notice of Class Action and Settlement ("Class Notice") fully, fairly, and accurately informed all Certified Class of the material elements of this Action and the proposed Settlement, and constituted: (i) the best practicable notice; and (ii) notice that was reasonably calculated, under the circumstances, to apprise members of the Certified Class of the pendency of this Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the fairness hearing.

7. The Certified Class is made up of 557 individuals.

8. If it is determined that a 558th individual is a member of the Class with a timely and sufficient claim, that individual's share of the Settlement shall be drawn from the *cy pres* fund.

9. The Court finds that after proper notice to the Class, and after enough opportunity to object to the proposed Settlement, no timely and valid objections were made that would present any obstacle to finally approving the Settlement.

10. All members of the Certified Class who failed to file a timely and valid objection to the Settlement are deemed to have waived and forfeited any such objections and are bound by all terms of the Agreement, including the Release and this Final Order and Judgment.

11. The Court approves the following payments, after which the remaining settlement funds shall be distributed to the Certified Class pursuant to the terms of the Settlement and Final Approval Order:

- Plaintiff Carl Curtis (as a Service Award): **$5,000.00**;
- Plaintiff Arthur Williams (as a Service Award): **$5,000.00**;
- Class Counsel (as attorney's fees): **$112,000.00**;
- Class Counsel (as litigation costs and expenses): **$2,686.47**;
- 75% of the $8,000 PAGA Allocation to the LWDA: **$6,000.00**; *and*
- CPT Group, Inc. (for claims administration fees): **$12,000.00**.

12. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Certified Class, the Action is dismissed with prejudice.

13. Upon the Effective Date (as defined in the Settlement), all Released Claims of each member of the Certified Class are and shall be deemed to be conclusively released as against Defendant. All Certified Members are hereby forever barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against Defendant, in this or any other jurisdiction or forum, any and all Released Claims (as defined in the Settlement).

14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administrating the Settlement therein.

15. In the event that the Settlement does not become effective in accordance with its terms or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

16. Plaintiffs, the Certified Class, and Defendant are denied all relief not expressly granted by this Judgment.

17. This Final Order and Judgment shall not be construed as a finding of the Court concerning, or evidence of any admission by the Parties concerning: (i) any liability, fault, or wrongdoing by Defendant; (ii) the existence of any defense to Plaintiffs' claims or the claims of any member of the Certified Class; (iii) the appropriateness of any measure of

alleged damages; and (iv) the propriety of class certification, other than certification for purposes of settlement only.

**IT IS SO ORDERED.**

Dated: April 12, 2021

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE